ELI PATTERSON *et al.* v. RICHARD COLE, *by Lizzie Cole his Next Friend.*

No. 13,230.   (73 Pac. 54.)

SYLLABUS BY THE COURT.

1. MASTER AND SERVANT—*Duty of Master—Personal Injury.* It is the duty of an employer to give careful instructions and warnings to a youthful and inexperienced employee of unusual and hidden danger incident to the work engaged in, of which the employer is aware, and of which the employee, to the employer's knowledge, is ignorant.

2. —————— *Finding against Master Sustained.* A finding that an employer directed a boy engaged in his service to assist in starting an engine cannot be said to be without support although no word of direction was actually spoken, where there is testimony that two persons usually assisted in the starting of the engine-wheel, and that the employer took hold of the wheel when he was ready to start it and looked first at the boy and then at the wheel in such a way as to indicate to the boy that he desired his help, and that, although looking directly at the boy when he took hold of the wheel, he did not warn him to desist or to get out of the way of danger.

3. EVIDENCE—*Physician and Patient.* A physician was employed to attend a patient who had suffered a personal injury. Afterward the family physician came and practically took charge of the case. Later, and within a few hours, the physician first called again visited the patient, but administered no treatment. On this visit a statement was made to him by the patient as to the cause of the injury. The physician stated that he did not then regard himself as an attending physician. He had not been discharged; and the patient, on the other hand, stated that he did regard the doctor as his physician. *Held,* that the exclusion of the statement because it was privileged was not error.

Error from Lyon district court; DENNIS MADDEN, judge.    Opinion filed July 10, 1903.    Affirmed.

*Kellogg & Madden,* and *Lambert & Huggins,* for plaintiffs in error.

*W. S. Kretsinger,* and *Graves & Hamer,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by Richard Cole, a minor, by his next friend, to recover from Patterson & Son, plaintiffs in error, for injuries sustained through the alleged negligence of the latter while Cole was assisting in the operation of a feed-mill.    It was alleged that he was employed by Patterson & Son to work on a farm, and that there was an express agreement that he should not be required to work at the mill; that on the day of the accident he was directed by his employers to work in the mill and to assist in starting a gasoline-engine used in the operation of the mill; that the floor near the engine-wheel was greasy and slippery, making his footing insecure, and that when the engine-wheel started he slipped and fell, and was caught and crushed by the wheel.    It was also alleged that his employers knew all about the condition of the floor and of the danger incident to the starting of the engine, but that they did not inform the boy, Cole, of the danger, of which he was ignorant.    The findings and judgment were in favor of Cole.

Complaint is made of the petition, but it appears to be sufficient—good enough, at least, to meet a general objection to the admission of any testimony.

The principal point presented for review is the suf-

ficiency of the testimony to sustain the findings and verdict. In answer to questions, the jury specially found that on the day of the accident the boy was first directed to do work in a room of the mill adjoining the one where the accident occurred; that Cole left that room voluntarily and entered the engine-room where the accident occurred, without specific direction from Patterson, and also that Patterson directed the boy to assist in starting the engine at the time of the accident. The last finding is challenged, and it is contended that it is without support from the testimony.

There was testimony which tended to show that, although Cole was employed to work on the farm and not at the mill, he was directed to do certain things in and about the mill on the day of the accident. After performing each task he returned to Patterson for further directions. Among other things, he took the grinder apart and to the shop for repairs, after which he came to the engine-room, where Patterson was at work, for further orders. While he was standing near the wheel of the engine Patterson took hold of the wheel, looked at Cole and then at the wheel, and this look Cole understood to mean that he should take hold and assist in starting it, as Cole said that two men always assisted in starting it. Patterson was on one side of the wheel and Cole on the other; they were about three feet apart, facing each other. It appears that no word was spoken by Patterson at the time; and, while he denies that he gave any look, sign or gesture to Cole, indicating that he wanted assistance, there was the testimony of Cole himself that after Patterson took hold of the wheel he looked at him in such a way as indicated to Cole that he desired his assistance, and, in response to the look he

took hold of the wheel, and that Patterson was looking at him and saw him undertake to assist. It also appears that he had never worked about the engine, knew nothing of the dangers in running it, or of the conditions that existed in the engine-room. The wheel started suddenly, throwing him under it, and injuring him severely.

Although the testimony as to the direction of Patterson is meager and not entirely satisfactory, we cannot say that it is insufficient to support the verdict. The fact that no sound was uttered or word spoken does not argue that no direction was given by Patterson. Directions are given in the most important affairs of life by signs, and so we have the language of sounds and the language of the eye, by which communication is made from one person to another almost as intelligently as can be done by speech or other manner of expression." In *Ray v. State*, 50 Ala. 104, 107, it was said:

"The manner in which an act is done—whether rude and offensive, or kind and pleasant—was held to be a matter of fact, open to the observation of the senses, to which a witness may legally testify. Words are nothing exept in connection with the intention with which they are used or taken. The *animus* of a look, or other expression of countenance, is as perceptible to the eye as words are to the ear, and often much more capable of correct understanding."

If we accept the testimony of Cole to its fullest extent, that two men were usually employed to assist in starting the wheel, and that Patterson took hold of the wheel and looked at Cole, who had already been assisting in another part of the mill, and then looked from Cole to the wheel, it would be fairly inferable that he desired assistance. He saw Cole come forward and take hold of the wheel, being in front of

him, and only three feet away, and yet, according to the testimony, did not tell him to desist or to keep out of the way of danger.   Under the findings of the jury, we must assume that Patterson actually saw Cole standing near by ; that he gave him the look of invitation as described by Cole ; that it constituted an inarticulate expression that he desired Cole to assist him in starting the wheel, and that it was so understood by Cole.   If he did not desire his help, he should have told him to go away when he approached the place of danger.   Patterson was aware of Cole's youth and inexperience, and should have warned him of any unusual or hidden dangers known to Patterson himself, but which, under the verdict, we must assume were not known to Cole.

Complaint is made of the ruling of the court rejecting the evidence of Doctor Brown.   Soon after the accident he had been called to treat Cole and to assist in repairing the injuries.   Doctor Fisher was the family physician, who was sent for, and Brown stated that after Fisher came he understood Fisher to be in charge of the case.   Brown, however, after the first visit, returned again to inquire as to Cole's condition, and while there, it is claimed, a statement was made to him by Cole as to where the blame lay for the accident.   Upon objection that it was a privileged communication, the court inquired if Brown had been discharged from the case, and he admitted that there had been no discharge.   Upon further inquiry, it developed that the boy regarded Brown as his physician at the time the statement is said to have been made.   That being true, the relation of confidence existed, and the court rightfully excluded any statement made under the circumstances.

The published statement of Cole's father, which

was sought to be introduced in evidence, was properly excluded. He was not a party to the action, was not present at the time of the accident, and had no direct knowledge of the circumstances under which the injuries were received.

There is nothing substantial in the objections to the instructions, and the case appears to have been fairly submitted to the jury. The judgment will be affirmed.

All the Justices concurring.