SCHWARZSCHILD & SULZBERGER v. R. O. DRYSDALE.

No. 13,580. (76 Pac. 441.)

SYLLABUS BY THE COURT.

1. MASTER AND SERVANT—*Personal Injuries—Assumption of Risk.* A servant who, upon going to his work, enters for the first time a passageway maintained by his master as a means of access to such work, and finds it to be insufficiently lighted, may, if he have no knowledge of any peril, proceed with caution without assuming the risk of injury from a hatchway negligently left open in the floor.

2. ——— *Concurring Negligence.* If an injury result to a servant from the concurring negligence of his master and a fellow servant the master will be liable.

3. ——— *Evidence of Previous Accident—Proper Cross-examination.* In an action by a servant against his master for personal injuries negligently inflicted, testimony properly elicited as a part of a legitimate cross-examination of one of the master's witnesses may not be excluded merely because it tends to establish a previous accident at the same place.

Error from Wyandotte district court ; E. L. FISCHER, judge.   Opinion filed April 9, 1904.   Affirmed.

*Pratt, Dana & Black,* for plaintiff in error.

*Getty, Hutchings & Dean,* for defendant in error.

The opinion of the court was delivered by

BURCH, J. : The plaintiff in error, defendant below, is a corporation engaged in the operation of a packing plant, and the plaintiff below was injured while in its service.   On the morning of his employment the plaintiff entered the plant through the superintendent's office, and was shown from that room to his place of work by a guide.   He left the plant in the evening by reversing the course he had followed in the morning.   The next morning he attempted to enter at the same place as before, but found the door locked.   After waiting a

short time, the superintendent's clerk told him that was not the proper entrance for employees; that he should follow an elevated platform, or dock, as it is termed, around the buildings—the general way to go into the plant—and that he would find the way into his place of work. The plaintiff did as he was advised, and after following the dock for a considerable distance and making several turns he came to a storm-door, swinging both ways, through which he entered a room used as a vestibule. Turning to the left, he found another swinging door, which he passed. Both doors closed after him automatically. After passing the second door he found himself in an unlighted hallway, along which he proceeded slowly on account of the darkness. When he had gone some twenty-five feet he fell into an open and unguarded hatchway communicating with a basement room below, and received the injuries for which he recovered damages in the district court.

So far as the evidence discloses, the defendant in error entered the building through the only general way provided for that purpose. He had never been in the hall before and was ignorant of the location of the hatchway. The hall was used for the passage of persons, as well as for access to the hatchway into which plaintiff fell, and to another hatchway some ten feet nearer the entrance. Sockets for three electric lights were provided for the hall at the time of the accident. The hatchways were twenty-four inches square, and each one was surrounded by a two-by-four-inch piece of wood, nailed to the floor. The packing company provided covers for the hatchways, to be used when men were not at work, which, at the time of the accident, were near by, but not in place. The hatchways were used for the purpose

of dumping meat into the basement, and during the progress of that work were left open. Sometimes they were left open for ventilation. Why they were left open at the time of the accident does not appear. From some of the defendant's evidence the jury might have inferred that the persons whose duty it was to close the hatchways were fellow servants with the plaintiff, but from other evidence such a conclusion would seem to be entirely unwarranted.

The plaintiff charges the company with negligence in maintaining open and unguarded hatchways in an unlighted hall used as a passageway into the plant. The defendant answers that the plaintiff must have realized the necessity for light when he found himself enveloped in darkness, and, hence, that he assumed all hazard attending any further advance. It further answers that, having provided covers for the hatchways, the failure to use them was negligence on the part of the plaintiff's fellow servants, for which the defendant is not liable.

It is elementary law that the defendant was required to furnish the plaintiff a safe place to work and safe means of access to his work inside its buildings. This duty the plaintiff had a right to believe the company had performed. When he found himself in the dark passageway the plaintiff's information regarding the place did not extend beyond the matter of an insufficiency of light. But darkness alone could not throw him down and mangle him. The open doors from the dock into the hall were an assurance of safety. He was ignorant of that which made the hall a place of peril. He was not on equal terms with the master in estimating the hazards of his surroundings. He was not obliged to institute an investigation for hidden menaces which could exist only by virtue of a

breach of his master's duty to him; therefore, he had the right to proceed, and contracted to assume no risk arising from the company's negligence when he did so. (*Emporia v. Kowalski*, 66 Kan. 64, 71 Pac. 232; *Railway Co. v. Bancord*, 66 id. 81, 71 Pac. 253; *St. L. Ft. S. & W. Rld. Co. v. Irwin*, 37 id. 701, 16 Pac. 146, 1 Am. St. Rep. 266; *Rush, Adm'x, v. Mo. Pac. Rly. Co.*, 36 id. 129, 12 Pac. 582; *A. T. & S. F. Rld. Co. v. Moore*, 29 id. 632.)

The second argument in defense of the company assumes that it discharged its duty when it furnished covers for the hatchways. The evidence, however, does not compel the acceptance of any such view. The jury had a right to believe the openings to be dangerous to persons following the hall as a passageway while workmen going to and fro properly using them were momentarily away and while they were uncovered for ventilation; and that barriers of some kind about the holes were necessary to render the place a safe one at all such times. The evidence was not sufficient to require the jury to find that the covers were negligently off the hatchway when the plaintiff fell into it. The defendant produced a witness who sought to create such an impression without admitting the fact, but the jury were not obliged to follow him in his effort to shift the company's responsibility. Therefore, a contributing cause of the injury may be found in the failure to erect railings, and the company be remiss in its duty notwithstanding the fact that it furnished movable covers.

The second argument in defense of the company further assumes that the workmen who were charged with the duty of replacing the covers over the hatchways were fellow servants with the plaintiff. This

does not follow as a necessary conclusion from the quite indefinite and very ambiguous evidence upon the subject, and under the well-understood rule the general verdict for the plaintiff solved all doubts in his favor.

Admitting both assumptions just discussed to be correct, however, the concurring negligence of the company in the matter of lighting the hall still rendered it liable. (*A. T. & S. F. Rld. Co. v. Lannigan*, 56 Kan. 109, 42 Pac. 343; *A. T. & S. F. Rld. Co. v. Holt*, 29 id. 149.)

The foregoing considerations render a detailed discussion of the instructions given and refused unnecessary.

On the trial the defendant placed upon the stand a witness who assumed responsibility for the closing of the hatchways, and who in positive terms claimed to have exercised great diligence in requiring the covers to be used. In the course of a rigid cross-examination this witness stated and maintained that the hatchways had never been left open, according to his knowledge. To confute his testimony, the plaintiff's attorney pressed him to admit that he remembered a time when one of them had been left open, and an employee had fallen through. The company complains that an attempt was made to prove negligence by showing a previous accident at the same place. Under many circumstances this is permissible. (*City of Topeka v. Sherwood*, 39 Kan. 690, 18 Pac. 933; *Mo. Pac. Rly. Co. v. Neiswanger*, 41 id. 621, 21 Pac. 582, 13 Am. St. Rep. 304.) But the record presents no such question, since the testimony assailed was brought out in a legitimate way, as an incident to a proper cross-examination of one of the defendant's witnesses.

This court has no such opportunity to weigh the evidence as the jury enjoyed, even if it were permitted to do so, and hence it cannot be said that the damages allowed were excessive.

The judgment of the district court is affirmed.

All the Justices concurring.