Lunn v. Morris.

---

CHARLES LUNN, *Appellee*, v. MORRIS & CO., *Appellants*.

No. 16,088.

SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Injury to Employee—Negligence of a Fellow Servant*. Several laborers over whom a foreman had been appointed to oversee and direct their work were engaged in moving bones from the defendant's pressroom to a dump, by the use of trucks passing over a gangway six feet wide, elevated five feet above the surface. Two laborers were pushing one of these loaded trucks along this gangway when, the truck becoming stalled, the foreman ordered them to hurry up, and exclaimed "Pull it up," at the same time seizing one of the wheels of the truck and giving it a jerk

which caused the shafts to turn suddenly, striking the plaintiff's legs and knocking him from the gangway, whereby he was injured. Although the foreman was negligent in his conduct causing the injury, as found by the jury, still this negligence was that of a fellow servant, and the plaintiff can not recover. (Following *A. T. & S. F. Rld. Co. v. Moore*, 29 Kan. 632; *Brick Co. v. Shanks*, 69 Kan. 306; *Bridge Co. v. Miller*, 71 Kan. 13; *Crist v. Light Co.*, 72 Kan. 135.)

Appeal from Wyandotte court of common pleas; Lewis C. True, judge. Opinion filed November 6, 1909. Reversed.

*O. L. Miller, W. J. Buchan, C. A. Miller*, and *Samuel Maher*, for the appellants.

*Bird & Pope*, for the appellee.

The opinion of the court was delivered by

Benson, J.: The plaintiff was one of twelve laborers engaged in moving bones from the pressroom in the defendant's packing house to a dump. This work was performed by the use of trucks five feet in length and three feet in width, upon a gangway sixteen feet long and about six feet wide, raised five feet above the surface. Two men were employed in propelling each truck. A foreman was placed over these men, whose duty it was to receive orders from the superintendent each day and to oversee and direct the work. The plaintiff and another laborer were pushing one of these trucks loaded with bones along this gangway, when it became stalled at or near the dump, and the plaintiff was injured. The occurrence is thus described by one of his witnesses:

"Coppick [the foreman] was rushing us up, telling us to hurry up. . . . We pushed the cart out of the pressroom around to the east of the building, and finally onto a runway about sixteen feet long. Upon this runway we got stalled, and were trying to pull the truck back in order to get a start, when Mr. Coppick says, 'What the hell is the matter; can't you push it

back?' . . . and he was using some language that made me mad; I used some back; he said, 'Damn it, pull it up,' and pulled the wheel of the truck and hit Mr. Lunn on the leg and knocked him off the runway. We had gotten the truck to within about two or three feet from the end of the runway when Lunn was hurt."

The plaintiff's testimony was substantially the same. The effect of the jerk given to the wheel by the foreman was to turn the shafts of the truck suddenly to one side, striking the plaintiff's legs and knocking him from the platform, whereby he was injured. The jury returned a verdict for the plaintiff, upon which judgment was entered. The defendant asks for a reversal, alleging error in overruling a demurrer to the evidence, and in the instuctions. The court gave the following instruction:

"All employees of the same master engaged in the same general business, whose efforts tend to promote the same general purpose and to accomplish the same general end, are fellow servants or coemployees. But one man may be acting in a dual capacity; he may be working with the servants and at the same time exercising control and direction in lieu of the master, in which case he is considered vice-principal, and his acts representing the master are acts for which the master is responsible, but his acts performing labor with the laborers under his control are acts of a colaborer or fellow servant, for which the master is not responsible. If in this case you find from the evidence that Charles Coppick was the boss and foreman over the plaintiff, representing and acting for the defendant in the capacity of vice-principal, and that he seized hold of the truck, at the same time using language to 'hurry up' the work, the act of hurrying up was an act in which he represented the master and not one in which he was a colaborer with the men under his charge. And if in hurrying up the work he negligently suddenly jerked the truck, and the plaintiff was thereby thrown down, without fault on his part, and injured, the defendant is liable for all injuries so caused, and your verdict should be in favor of the plaintiff. But if you find and believe from the evidence that Charles

Lunn v. Morris.

Coppick was simply assisting to promote and accomplish the work in charge, which he and the men under his charge were engaged in, and in order to do so he took a hand personally and as a mere laborer, the same as the other laborers with the plaintiff, then his act was an act of a colaborer and fellow servant, for which the defendant is not legally responsible, and your verdict should be for the defendant."

The principal question in this case is whether the foreman should be considered a vice-principal or a fellow servant in giving the orders and doing the act which caused the plaintiff's injury. Counsel for the defendant say:

"Whilst Charles Coppick was in truth Lunn's foreman, he was not engaged in providing Lunn with a safe place in which to work, or in performing any other duty which the master was himself bound to perform, and hence Coppick did not represent Morris & Co. in the sense that Morris & Co. was liable for his act complained of. . . . We can not complain of the jury's finding that Coppick was guilty of negligence, but we do complain of the holding of Morris & Co. liable for Coppick's act, and of the part which the court took in bringing about this result."

In some jurisdictions the "superior-servant" rule, so-called, has been adopted. This rule may be briefly stated thus:

"Where the negligent act of one servant causing injury to another is the direct result of the exercise of the authority conferred upon him by the master over the servant injured, the master is liable." (*Consolidated Coal Co. v. Wombacher*, 134 Ill. 57, 63.)

(See, also, 2 Labatt, Mas. & Ser., § 521.)

In other jurisdictions, however, it is held that in the absence of any statute the superior servant or foreman, whatever his rank, is not a vice-principal unless he represents the master in the order or act complained of in respect to those duties that the master is bound to perform; and this is the rule adopted in this state.

7—81 KAN.

"But whenever a negligent act violates any duty which the master himself owes to the servant, as, for example, the duty to make the service and the place in which it is performed reasonably safe, that fact controls, irrespective of the rank or grade of service between employees, and notwithstanding the circumstance that they are engaged in a common employment directed to a common end." (*Brick Co. v. Shanks*, 69 Kan. 306, 310.)

The authorities upon this question are reviewed in *Bridge Co. v. Miller*, 71 Kan. 13, where it was said:

"The necessary conclusion following a consideration of them [the authorities] is that unless the duty neglected be one which the master is bound to perform he can not be liable, no matter what servant may be careless. He can not be 'represented' except in respect to his duty to furnish a safe place, careful employees, and the like. Having discharged this duty his responsibility ends, and distinctions of rank and grade as between the injured and injuring servant are of no consequence whatever." (Page 30.)

"He [the foreman] is a fellow servant when laboring to accomplish the common object or purpose of the laborers. He is a vice-principal when performing the duties, or aiding in performing the duties, which by law devolve upon the master." (*Crist v. Light Co.*, 72 Kan. 135, 140.)

The duties of the master have been thus defined:

"In all cases, at common law, a master assumes the duty toward his servant of exercising reasonable care and diligence to provide the servant with a reasonably safe place at which to work, with reasonably safe machinery, tools and implements to work with, with reasonably safe materials to work upon, and with suitable and competent fellow servants to work with him." (*A. T. & S. F. Rld. Co. v. Moore*, 29 Kan. 632, syllabus.)

"If, instead of personally performing these obligations, the master engages another to do them for him, he is liable for the neglect of that other, which, in such case, is not the neglect of a fellow servant, no matter what his position as to other matters, but is the neglect of the master to do those things which it is the duty of

the master to perform as such." (*Northern Pacific Railroad v. Peterson,* 162 U. S. 346, 353.)

It is also held that where the business is complex or dangerous, and a proper regard for the safety of employees requires rules to govern the service, such rules shall be made. (26 Cyc. 1157.) In some situations it also devolves upon the master to give warning of impending dangers, where the exigencies of the service fairly require it. (*Brick Co. v. Shanks,* 69 Kan. 306; *Brice-Nash v. Salt Co.,* 79 Kan. 110.) He is also required to give instructions to minors and inexperienced persons whose duties expose them to hidden dangers. (*Patterson v. Cole,* 67 Kan. 441.) Whenever the foreman acts for the master in the performance of any of these absolute duties he is for convenience styled a vice-principal, and his negligence in discharging the duties so imposed upon him by the master is that of the master himself. But the negligence of a foreman with respect to the ordinary details and incidents of the work is that of a fellow servant merely. (*Kimmer v. Weber,* 151 N. Y. 417; 2 Labatt, Mas. and Ser., § 575.) The principles governing this case having been declared by this court in the opinions referred to, further citation of authorities is unnecessary.

No complaint is made concerning the safety of the place in which the work was done. The truck was a simple and harmless appliance as ordinarily used. The work itself was not of a complex, intricate or hazardous nature, requiring the promulgation of rules. There were no impending dangers such as are sometimes caused by blasts in mines, overhanging rock liable to fall, and the like, requiring warnings to be given. The work was simple in itself, and ordinarily could be done with little danger. The "hurry up" order, considered apart from the accompanying act of seizing hold of the truck, was such as foremen usually give, and was not improper. The act, however, of suddenly jerking the wheel so as to throw the shaft, or handle, against the

plaintiff, and thereby hurl him from the platform, was negligent. The jury so found, and the evidence sustains the finding. We think it is proper to consider the order and the accompanying act together—the act emphasizing and illustrating the command—and that the order so made up of words and action was negligent. If, however, the act of seizing hold of the truck should be considered as divorced from the accompanying words, it was still an act of negligence. But in either view this negligence was not that of the defendant, for it did not involve the breach of any absolute duty resting upon it. It was a mere incident of the work. The act causing the injury might have been performed as well by any other fellow servant as by the foreman, and within the authorities where the superior-servant doctrine is rejected this negligence of the foreman, in the circumstances shown, must be considered as that of a fellow servant merely. A multitude of decisions, state and federal, applying this doctrine are cited in the note to *Stevens v. Chamberlin* in 51 L. R. A. 513, and in the note to *Mast v. Kern* in 75 Am. St. Rep. 580.

In the recent case of *Fogarty v. St. Louis Transfer Co.*, 180 Mo. 490, the negligence complained of consisted in the act of the foreman of teamsters in taking the reins from a driver's hand and suddenly turning the team, thereby cramping the wheels so as to loosen the load, causing an injury to the driver, and the recovery was sustained, but the decision appears to have been made upon the ground that the company was liable for the negligence of its foreman as a superior servant of the driver. This we understand to be an application of the superior-servant rule, which, as we have seen, does not prevail in this state. If it did, the opinion in the case referred to would be an authority sustaining the recovery, and it appears to have been followed by the trial court in its instructions to the jury. Many other decisions based upon the same doctrine are cited in the plaintiff's brief. It will be noticed that in

Brinkmeier v. Railway Co.

these instructions the court submitted to the jury the questions whether Coppick represented the defendant as a vice-principal in giving the orders and whether he also represented the defendant in that capacity in the accompanying act. If evidence had been adduced tending to prove that Coppick was a vice-principal the defendant would have had no cause to complain, but the evidence was insufficient to warrant the submission of that question.

The evidence on the part of the plaintiff failed to show the neglect of any of the absolute duties of the defendant, and as the negligence proved must, within the rules stated, be considered that of a fellow servant, the demurrer to the evidence ought to have been sustained. The judgment is reversed and the cause remanded for further proceedings in accordance with these views.

SMITH, J., dissenting.