FRANK HENRY, *Appellant,* v. THE KAW BOILER WORKS, a copartnership, etc., *Appellee.*

No. 17,677.

SYLLABUS BY THE COURT.

1. NEGLIGENCE — *Defective Appliances — Evidence.* Where an employee is injured by reason of the breaking of a pole constituting a part of a hoisting apparatus, and formed by screwing together two joints of well casing, evidence that the threads were rusted, and after the accident were found to be stripped off so far as they had been engaged, is sufficient to take to the jury the question whether the employers were negligent in furnishing defective material for the construction of such apparatus.

2. ——— *Foreman's Negligence—Employer's Liability.* Where under the direction of a foreman who has complete charge of

the building of a steel tank, a hoisting apparatus is prepared by the workmen, which is unsafe, not because of any defect in the materials, but by reason of negligence in the manner in which they are put together, and in consequence an employee who had nothing to do with the preparation of the apparatus, and had not sufficient knowledge or experience to enable him to judge of its safety, is injured, the employers are liable for the results of the foreman's negligence.

Appeal from Chautauqua district court. Opinion filed July 6, 1912. Reversed.

*W. H. Sproul,* and *J. A. Ferrell,* both of Sedan, for the appellant.

*W. E. Ziegler,* of Coffeyville, for the appellee.

The opinion of the court was delivered by

MASON, J.: Frank Henry sued F. G. Palmer and T. B. Gilbert, a partnership engaged, under the name of the Kaw Boiler Works, in the business of constructing metal tanks, on account of personal injuries received while in their employ. A demurrer to his evidence was sustained and he appeals. The evidence tended to show these facts: A foreman of the firm was engaged, with a number of other workmen, including the plaintiff, hired by him, in the erection of a tank, forty-three feet in diameter and twenty-five feet high, constructed of curved sheets of steel five feet wide and eight or ten feet long, weighing four or five hundred pounds. For the purpose of raising the sheets composing the top ring the men, under the direction of the foreman, prepared a hoisting apparatus the principal feature of which was a single pole, which they called a gin pole, composed of two joints of well casing four to six inches in diameter, screwed together at the ends. As the last sheet was being hoisted into place, by means of a block and tackle fastened to the top of the gin pole, the plaintiff held one end while the other was being swung into position. The gin pole

broke in two where the pieces were fastened together, and the sheet of steel fell, striking the plaintiff and causing him to drop to the ground from the scaffold on which he stood.   One piece of the gin pole was screwed into the other between half an inch and an inch, although threads were cut for about three inches. No block or brace was placed inside of the casing. In the fall the threads were stripped off as far as they had been engaged.   Elsewhere they were rusty.   The casing was old and rusty.   The plaintiff was not skilled in the work of building tanks.   He had never before handled similar steel sheets or worked around a derrick of any kind.   He did not know how much weight the gin pole would stand or how much guying was necessary to sustain it.   He had nothing to do with the making of the gin pole.   During its erection he was working on the inside of the tank.

. The grounds of negligence set out in the petition are: that the casing of which the gin pole was made was not strong enough for the purpose, owing to its being old and rusty; that the gin pole was not strengthened at the place of union by placing a wooden block on the inside; that the gin pole was not guyed in a proper manner so as to prevent its falling against the plaintiff.   The allegations are probably broad enough to cover also the failure to provide sufficient support for the gin pole, and the failure to screw the ends far enough together.   We think the testimony that the joints of casing were old and the threads rusty was sufficient under the circumstances of the case to warrant a finding that the company was negligent in not furnishing better material for the construction of a gin pole.   In this view the demurrer to the evidence should have been overruled in order that the jury might at least pass upon this matter.   As the question whether the company could be held liable upon any other ground will arise upon a new trial, it is desirable that it should be determined now.

The defendant maintains that if sound materials were furnished to the workmen, and the accident resulted from their want of care in putting them together, no liability can attach to the defendants, because the negligence, although the act of the foreman, was that of the plaintiff's fellow servant. There is abundant authority to that effect. (*Knudsen v. La Crosse Stone Co.*, 145 Wis. 394, 130 N. W. 519, and cases cited there and indicated by note thereto in 33 L. R. A., n. s., 226; Note, 3 L. R. A., n. s., 500; Note, 18 A. & E. Ann. Cas. 611; 26 Cyc. 1329, 1330, especially paragraph of note under subhead "Supervision of Foreman," in the third line of which the word "not" is obviously omitted by inadvertance; 20 A. & E. Encycl. of L. 81, 82; 4 Thompson, Commentaries on the Law of Negligence, § 3760; 2 Labatt, Master & Servant, §§ 614-616.) It is said that the situation so presented creates an exception to the rule that a nondelegable duty rests upon the employer to use due care to furnish his employees a safe place to work in, or that the rule does not apply because the employees make their own working place. Whatever other conditions may create an exception to the general rule, or prevent its application, we think in the present case the defendant was liable for any negligence of the foreman, for these reasons: Assuming the facts to be as testified by the plaintiff, he had in fact nothing whatever to do with the construction of the gin pole, and he had no such knowledge or experience as to enable him to judge of the safety of that appliance. He was under the orders of the foreman who employed him, and who was in entire charge of the construction of the tank. The plaintiff had a right to rely upon reasonable precautions being taken by the foreman to insure his safety, and the foreman was charged with the duty of taking such precautions. While in other relations the foreman may have been the plaintiff's fellow servant, in this respect he stood in the place of the firm, discharging

the nondelegable duty of the employers, and his negligence was that of the defendants. The following cases, while not directly in point, illustrate different phases of the principle involved: *H. & St. J. Rld. Co. v. Fox*, 31 Kan. 586, 3 Pac. 320; *Brick Co. v. Shanks*, 69 Kan. 306, 76 Pac. 856; *Maib v. Mill Co.*, 82 Kan. 660, 109 Pac. 688; *National Refining Co. v. Willis*, 74 C. C. A. 301, 143 Fed. 107; *Chambers v. American Tin Plate Co.*, 64 C. C. A. 129, 129 Fed. 561; *Heck v. International Smokeless Powder Co.*, 77 N. J. Law, 4, 71 Atl. 150; *C. & A. R. R. Co. v. Maroney*, 170 Ill. 520, 48 N. E. 953, 62 Am. St. Rep. 396.

In this jurisdiction the liability of an employer for an injury to one employee caused by the negligence of another depends, not upon their respective rank or the closeness of their association, but upon the character of the duty that has been neglected. He is liable only in case the duty which has been violated is one which the law imposes upon him, and which he can not delegate to another. (*Bridge Co. v. Miller*, 71 Kan. 13, 80 Pac. 18; *Lunn v. Morris*, 81 Kan. 94, 105 Pac. 15.) Since that is the sole test it should be applied in such manner as to carry out the general principles regulating the liability of employer to employee, and be a consistent part of a complete system. The essential reason why an employer is relieved from responsibility for the negligence of his employees in preparing their own working place, from sound material furnished them, is that they are supposed to be competent to judge of its safety, and have the matter in their own hands. It matters little in what terms the immunity is expressed—whether it is said to depend upon assumption of risk, contributory negligence, or fellow service. Where an employee has had no part in the construction of his working place, or of an appliance which he uses, and is not competent and does not assume to be competent to judge of the safety of either, the reason of the rule fails and the rule should be held not to

apply. The employer can not be heard to say that he has not undertaken to furnish such an employee a completed place to work, or a completed appliance, but only the materials out of which such a place or appliance may be constructed. In that situation law casts upon him the nondelegable duty of exercising due care to insure the safety of the place or appliance.

The judgment is reversed and a new trial ordered.