THOMAS J. SEWARD et al., *Appellees*, v. THE KAW VALLEY ICE AND COLD STORAGE COMPANY, *Appellant.*

No. 18,071.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Dangerous Machinery—Inexperienced Employee —No Warning Given.* Where a lever, designed for use in starting a drive wheel when it has stopped on a dead center, is so attached that if used while the wheel is in motion it may become dangerous to the person using it, and the custom has been for the engineer to turn on steam to aid in the operation, the question whether, in the exercise of reasonable care, the employer ought to warn an inexperienced employee of such danger before directing him to operate the lever, is ordinarily one of fact to be determined under all the circumstances of the case.

2. ———— *Same.* Where an injury has occurred through the omission of such a warning, when it ought to have been given, a recovery on account thereof can not be defeated by a showing that it was negligence for the engineer, being a fellow servant, to turn on steam while the lever was being operated by the inexperienced employee.

Appeal from Shawnee district court, division No. 1. Opinion filed April 12, 1913. Affirmed.

*R. W. Blair, B. W. Scandrett,* and *C. A. Magaw,* all of Topeka, for the appellant.

*Charles Blood Smith,* and *Samuel Barnum,* both of Topeka, for the appellees.

The opinion of the court was delivered by

MASON, J.: Dennis F. Seward, while in the employ of the Kaw Valley Ice and Cold Storage Company, received an injury from which he died. His parents brought action against the company, alleging the fatality to have been caused by its negligence. Upon a jury trial the court sustained a motion for a peremptory instruction to find in favor of the defendant, and a verdict was rendered accordingly. Later a motion for

a new trial was granted, and from this order the defendant appeals. The question presented is whether the evidence was sufficient to justify a finding for the plaintiffs. The defendant maintains that if the negligence of any employee was the proximate cause of the injury, it was that of a fellow servant, for which it was not liable. The plaintiff contends that the injury was due to an omission of a nondelegable duty to instruct and warn the decedent.

There was evidence tending to show these facts: Dennis F. Seward was sixteen years old, of good intelligence for his age, but without experience with machinery. He was employed as an oiler, and his duties included helping the engineer. A twelve-foot flywheel, the center of which was about a foot above the level of the floor, was provided with a row of cogs on the inside of the rim. A device was provided for starting this wheel by a lever when it stopped on a dead center. The lever turned upon a pivot near its end, and when not in use stood nearly perpendicular, the other end resting against a bar. When worked back and forth its point engaged the cogs and caused the drive wheel to revolve slowly. When the engineer was alone he would work the wheel off the center with the lever and then go and turn on the steam. But when he had a helper to work the lever he would always turn on a little steam to assist in starting, cutting it off as soon as the wheel turned over. On the day of the accident, the drivewheel having stopped on a dead center, the engineer directed Dennis to start it with the lever; as this was done, he turned on a little steam, and as the wheel began to revolve, directed Dennis to throw the lever back in place. Dennis made two or three attempts to do so, and at the last throw the point of the lever caught in the moving cogs, and the end came down and struck him, inflicting the fatal injury. He had never before used the lever or seen it used, and had received no specific instructions regarding it, or warning as to any danger in con-

nection with its use. The engineer testified, "I told the boy how to operate the lever but did not give any instructions about the matter, because there was not anything to tell him."

It can not be said as a matter of law that a bright sixteen-year-old boy, entirely inexperienced in the use of machinery, would understand the working of the starting lever, or expect it to catch in the moving cogs, or know what was likely to follow if it did. We think the evidence, while of course open to other interpretations, would support these conclusions: The defendant, in the exercise of reasonable prudence, could have anticipated, and therefore ought to have anticipated, that the boy, not realizing the effect of getting the point of the lever caught in the cogs while the drivewheel was in motion, might attempt to restore it to place after steam had been turned on, without taking thought for his own protection, and that unless he were instructed and warned the very thing might happen that unfortunately did happen in this case; if such instruction and warning had been given the injury would not have happened. If these facts are regarded as established it follows that the defendant owed the boy a duty so to instruct and warn him, and that the proximate cause of his death was the failure to perform this duty. Such a duty is nondelegable, and the employer is liable for the results of neglecting it, irrespective of any question of fellow service. (26 Cyc. 1167.)

The defendant maintains that the proximate cause of the injury was the conduct of the engineer in turning on steam before the lever was replaced, and that if this was negligence the company is exempt from liability on that account, because the engineer and the boy were fellow servants; that the boy's ignorance of his danger was merely the condition that made possible the unfortunate consequence of the engineer's act. It does not conclusively appear that it was negligence for the engineer to turn on steam when he did. True, it is so

Durant v. Durant.

alleged in the petition, but only in connection with the allegation of negligence in failing to give the instruction and warning. If it was negligence for the defendant to fail to instruct and warn, and if the injury was the direct result of this omission (and we hold that the evidence warrants these conclusions), its liability is not affected by the fact that a contributing cause of the injury may have been the negligent act of the engineer, a fellow employee, in turning on the steam. "If an injury result to a servant from the concurring negligence of his master and a fellow servant the master will be liable." (*Schwarzschild v. Drysdale,* 69 Kan. 119, syl. ¶ 2, 76 Pac. 441; Note, 54 L. R. A. 167; 26 Cyc. 1226.)

The order granting a new trial is affirmed.