No. 19,415.

HARLEY HARPER, *Appellee,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. PERSONAL INJURIES — *Demurrer Properly Overruled.* Evidence examined and held sufficient to overrule demurrer.

2. SAME—*Findings within the Issues.* Special finding examined and found within the issues and supported by the evidence.

3. SAME—*Verdict—Not Excessive.* A verdict for $4383 as damages for the loss of a toe is not necessarily excessive when this sum properly included the consequent blood poisoning, seven months' confinement in hospital, several painful surgical operations, $633 for loss of time, and permanent injuries.

4. TRIAL—*Instructions.* Instructions examined and found correct.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed April 10, 1915. Affirmed.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* and *Harlow Hurley,* all of Topeka, for the appellant.

*Frank G. Drenning,* of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff, Harley Harper, was employed as a machinist's helper in the shops of the defendant railway company in Topeka. He was injured while grinding and fitting the cylinder head of a Mallet locomotive. The cylinder head was a steel disc weighing 1040 pounds, and was being lifted by a chain attached to a traveling crane. The petition, in part, reads:

"And after plaintiff had attached his chain around the hub of said cylinder head, and hooked said chain onto the hook of said traveling crane, said Wm. Cross, crane floorman, gave the signal to Zenas Moody, crane engineer, in a careless and negligent manner, so that said crane engineer started said crane and lifted said cylinder head with a jerk for a height of about two feet, and jerked it out of control of plaintiff and caused same to drop onto plaintiff's big toe, as aforesaid."

Blood poisoning set in and plaintiff was confined to the hospital for seven months and subjected to several painful operations and sustained permanent injuries. The jury awarded plaintiff the sum of $4383 as damages, and made the following special finding:

"Question 1. If you find in favor of the plaintiff, and find that the injury sustained by the plaintiff was on account of any negligence on behalf of the defendant, please state fully and definitely in what particular or particulars the defendant was negligent in the premises and who was guilty of such negligence. Ans. The defendant Railway Company was negligent through its general superintendent of shops W. L. Drury, its shop superintendent John Frizzell, and its foreman of

east side shop Thompson in that they did not furnish proper attachment and appliances for lifting and handling the heavy type of cylinder heads, and Wm. Cross, floor man, in that he did not use proper care in seeing that hitch of chain on cylinder head was properly made, and Zenas Moody for not lifting carefully when signal was given."

Of the errors assigned by the defendant the following are pressed upon our attention:

1. The demurrer to the evidence.

2. The special finding was not within the issues nor supported by the evidence.

3. The excessive verdict.

4. Error in 9th and 14th instructions.

The defendant complains of the length to which the trial was dragged out in the district court and avows that its legal department has neither lawyers enough nor time enough to make a complete abstract of the record. The criticism is just. Why a lawsuit for damages for mashing a workman's toe should last for seven days passes our comprehension. The damages could be proved in five minutes. Whether the negligence causing the injuries was occasioned by the defendant alone, by the plaintiff alone, or whether both contributed to it, could have been established in half a day. The defendant suggests that the jury were confused by the volume of testimony and that on this account it did not have a fair trial. We can hardly see any method of determining this proposition except by considering the net result. And in the instant case, we could not say the result does violence to justice.

1. The demurrer to the evidence was properly overruled. The defendant should have provided some reliable attachment for lifting and holding a cylinder head which weighed 1040 pounds. The type was new and unusual; other and lighter types of cylinder heads had special appliances so that they could be securely and easily handled. (*Schwarzschild v. Weeks*, 72 Kan. 190, 83 Pac. 406, and cases cited.) It can not be fairly

said that the plaint'ff assumed the risk, since he was not familiar with this type of cylinder head; and, even so, his contributory negligence would not wholly relieve the defendant. (Gen. Stat. 1909, § 6999; Laws 1911, ch. 239; 35 U. S. Stat. at Large, ch. 149, p. 65, 4 U. S. Comp. Stat. 1913, § 8657; *Sandidge v. Atchison, T. & S. F. Ry. Co.,* 193 Fed. 867, 878; *Republic Elevator Co. v. Lund,* 196 Fed. 745, 749; *Wright v. Yazoo & M. V. R. Co.,* 197 Fed. 94, 97; *Gila Valley Ry. Co. v. Hall,* 232 U. S. 94, 101.) Moreover, the evidence fairly shows the sudden starting and jerking of the hoisting crane, and this contributed to the accident. This was not a risk assumed in the ordinary course of plaintiff's employment. (*Schwarzschild v. Weeks,* supra; *Seward v. Cold Storage Co.,* 89 Kan. 344, 131 Pac. 568; *Blanton v. Dold,* 109 Mo. 64, 65, 18 S. W. 1149; *Michael v. Roanoke Mach. Works,* 90 Va. 492, 19 S. E. 261.)

2. The petition alleged:

"And it was the duty of defendant to provide suitable appliances to attach to said cylinder head in lifting the. same, so that it could be lifted into place with reasonable safety to plaintiff; but defendant neglected said duty, and plaintiff used the only appliance available for said work, the same being said chain."

It will thus be seen from both excerpts from plaintiff's petition which we have quoted that the special finding was fairly within the issues. There may be some confusion of names, but that can hardly be serious since the jury specified the relation of the persons to the work with tolerable accuracy. The negligence of Cross was sufficiently pleaded, and that particularity was hardly necessary. Cross was the crane floorman, and Crosswhite, his superior, had instructed him how to handle the chains, and testified that it was Cross's duty to have them properly attached, and not to give the signal to hoist until they were safe and secure. Crosswhite also testified that he had instructed Zenas Moody, the man in the cage, who operated the crane,

to obey the orders of Cross. The negligence of Cross is readily established in another way. It was his duty to see that the fastenings were secure. If that were done this accident would not have happened. (*Barnett v. Cement Co.*, 91 Kan. 719, 725, 139 Pac. 484.) As to the negligence of Moody in not lifting carefully, that was testified to by various witnesses and contradicted by others. Clearly this was a jury question. Nor in this finding did "the jury wander outside the issues" as urged by defendant. Note our first excerpt from plaintiff's petition.

3. It is next urged that the verdict is excessive. Four thousand three hundred eighty-three dollars for the loss of a toe! "Three thousand ducats—'tis a good round sum," as Shylock said. But of that sum $633 was for loss of time to the date of the trial. Taking into consideration the loss of the toe, the consequent blood poisoning, the seven months' confinement in the hospital, the many painful operations, the suffering and permanent injuries—how can we say that this verdict is excessive? We think the sum awarded must stand.

4. Error is also assigned on the 9th and 14th instructions. The ninth, in part, reads:

"Defendant claims that if the plaintiff received any injury while in the employ of the defendant in February, 1913, such injury resulted from the negligence and want of care of the said plaintiff. In other words, the defendant claims that the plaintiff himself was guilty of contributory negligence which caused his injury."

The defendant's answer pleaded the sole negligence of the plaintiff, and it did not plead contributory negligence. However, it could not have prejudiced the jury to outline that phase of the law. The objection is answered by noting the closing language of the same instruction:

"If, however, you should find from the evidence that the negligence of the plaintiff, if any, was the only

cause of his injury, and that the alleged negligence of the defendant did not cause the same altogether or in part, then your verdict must be for the defendant."

The fourteenth instruction, likewise objected to, reads:

"It is charged by the plaintiff in his amended petition, among other things, that at the time of his alleged injury, after plaintiff had attached his chain around the hub of the cylinder head and hooked said chain onto the hook of the traveling crane, said Wm. Cross, crane floor man, gave the signal to Moody, the crane engineer, in a careless and negligent manner, and that said crane engineer started said crane and lifted said cylinder head with a sudden jerk, which lifted the cylinder head off the floor about two feet and jerked the same out of the control of plaintiff, and thus caused the head to drop, injuring the plaintiff. If you find from the evidence that the said Cross and Moody, or either of them, was negligent in the respects or respect so alleged by plaintiff, that is, that they did not exercise ordinary care in said matter, as charged, and that by reason of such failure plaintiff was injured, then your verdict should be for the plaintiff."

Since all other phases of the case were properly covered by other instructions, this one was also proper and must be approved.

The judgment is affirmed.