No. 19,727.

I. N. ORR, *Appellee,* v. THE ELLSWORTH-KLANER CONSTRUCTION COMPANY, *Appellant,* and R. H. STURGEON.

SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Unsafe Place to Work—Negligence—Personal Injuries—Employer's Duty and Liability.* The plaintiff sought to recover damages from his employer and another employee for injuries suffered while he was repairing the machinery of his employer, based on the negligence of the employee, who was an engineer, in starting the machinery while plaintiff was engaged in repairing it, and also on the negligence of his employer in failing to furnish him a safe place to work or to give him such warning as would enable him to reach a place of safety before the machinery was put in operation. The jury found that the engineer, who started the machinery on signals given by others and did not see or know that plaintiff was at work upon the machinery, was not liable for the injury suffered by the plaintiff, but also found that the employer whose duty it was to furnish plaintiff a safe place to work and to keep it safe was culpably negligent and responsible for the damages sustained. *Held,* that the finding of the jury that the engineer was not negligent does not necessarily exonerate the employer from liability for nonperformance of the positive duties of a master towards the plaintiff, and that the evidence in the case justified the jury in returning a verdict against the employer.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed December 11, 1915. Affirmed.

*Thomas E. Wagstaff,* of Independence, *John P. McCammon,* of Springfield, Mo., and *R. M. Sheppard,* of Joplin, Mo., for the appellant.

*Arthur Fuller,* and *W. J. True,* both of Pittsburg, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action I. N. Orr sought to recover damages from The Ellsworth-Klaner Construction Company and R. H. Sturgeon for injuries sustained while in the company's employ. From a judgment against it for $2750 the company appeals.

The Ellsworth-Klaner Construction Company was engaged in stripping and mining coal with steam shovels near Chicopee, Crawford county. The coal was loaded upon cars which were pulled on a track up an incline about two hundred twenty-five feet long, extending from the pit to a platform or tipple, which was about twenty feet above the level of the ground. These cars were drawn and controlled by a stationary steam engine located near the tipple with a three-eighths-inch wire cable several hundred feet long extending from a drum connected with the engine through a pulley at the tipple and along the track into the pit, and by this means cars were drawn from the pit to the tipple and after being dumped were lowered again to the pit. On the incline was a switch to divert the empty cars from the way of the ascending loaded cars. On February 28, 1913, plaintiff, in the course of his employment as trackman for defendant company, was ordered by the company's superintendent to make certain repairs upon this switch. He alleged that while so engaged R. H. Sturgeon, who was then employed by the company as its engineer, suddenly started the engine and violently tightened the cable, which was connected with a string of derailed cars at the bottom of the incline and lying with quite a little slack in it between the rails of the track. This caused it to fly up and strike plaintiff across the breast and arms with such violence as to break and unjoint his left arm and throw him from the incline to the ground, a distance of about ten feet, and to severely bruise him about the body, limbs and head. Plaintiff further alleged that his injuries were permanent and caused by the negligence and carelessness of the defendants: of the company because the place in which he was required to work was unsafe and in failing to warn him of the starting of the engine, in causing through its

employees the cable to be suddenly drawn taut, and in keeping
R. H. Sturgeon in its employ when it knew he was careless and
incompetent; and of R. H. Sturgeon in recklessly, carelessly
and negligently starting the engine and jerking the cable.
Damages in the sum of $7500 were asked. The answer of de-
fendant company was a general denial. The demurrers of de-
fendants to plaintiff's evidence were overruled and the jury's
verdict was in favor of defendant R. H. Sturgeon but against
the defendant company which appeals.

Complaint is made that counsel for plaintiff were permitted
to inquire of jurors while they were being examined as to
their qualifications if they had any connection with a certain
surety company and, if so, whether it would affect their verdict
if it should appear that the defendant carried a policy in that
company. In each case a negative answer was given. This
action is assigned as error on the ground that it was prejudi-
cial to defendant, but the point is not argued in defendant's
brief. The scope of such an examination must largely be left
to the discretion of the trial court, and it can not be said that
there was an abuse of discretion in this instance. (*Swift v.
Platte,* 68 Kan. 10, 74 Pac. 635; *Manufacturing Co. v. Bloom,*
76 Kan. 127, 90 Pac. 821.)

The principal contention is that the evidence is insufficient
to show negligence on the part of the company, and it is there-
fore contended that the demurrer to plaintiff's evidence should
have been sustained and its motion for judgment nothwith-
standing the verdict should have been upheld. It is further
contended that the finding of the jury that Sturgeon was not
negligent towards the plaintiff nor responsible for the injury
argues that the company itself was not negligent. The plain-
tiff did not base his right of recovery on the negligence of
Sturgeon alone, who was charged with suddenly and recklessly
starting the engine while the plaintiff was in a place of danger
and without any warning that would enable him to reach a
place of safety, but he also charged the company with negli-
gence in failing to furnish him a safe place to work, reason-
ably careful and competent fellow servants with whom to
work, and to warn him of impending danger. The plaintiff
was sent into a place of danger to repair the tracks, and it
appears that the superintendent had informed the plaintiff

that the cable would not be used or the cars moved while he was in that place. Sturgeon, it appears, did not know that the plaintiff was at work on the incline and he started the engine upon a signal of other employees. The jury concluded that as Sturgeon could not see the plaintiff at work but acted on the signals of another he was not guilty of negligence or personally responsible for the injury that was inflicted. The plaintiff could not safely repair the switch and track while the cable was being used and the cars moved. The company itself recognized this to be so as the superintendent had informed plaintiff that operation of the cable and cars would cease while he was at work and he had directed the employees in charge of the cars and cable not to move them during the time he was at work. It devolved on the company to use reasonable care to make the incline a safe place for the plaintiff to work. The duty was a continuing one which could not be so delegated as to relieve the company from the result of nonperformance. The employees who were entrusted with the giving of signals and warnings to the engineer or those having charge of the cars and cable were performing the functions of the master, the duties of the company itself, and for their negligence the company is responsible. (*Brick Co. v. Shanks,* 69 Kan. 306, 76 Pac. 856; *Crist v. Light Co.,* 72 Kan. 135, 83 Pac. 199; *Schwarzschild v. Weeks,* 72 Kan. 190, 83 Pac. 406, 4 L. R. A., n. s., 515; *Carillo v. Construction Co.,* 81 Kan. 823, 106 Pac. 1050; *Iliff v. Cudahy,* 83 Kan. 588, 112 Pac. 165; *Griffin v. Brick Co.,* 84 Kan. 347, 114 Pac. 217; *Kreigh v. Westing-house & Co.,* 86 Kan. 838, 122 Pac. 890; *Henry v. Boiler Works,* 87 Kan. 571, 125 Pac. 67; *Seward v. Cold Storage Co.,* 89 Kan. 344, 131 Pac. 568; *Barnett v. Cement Co.,* 91 Kan. 719, 139 Pac. 484.) No warning was given the plaintiff that the engine was about to be started, and, as we have seen, the engineer, who could not see plaintiff, relied on the signals given by other employees, and if a warning to plaintiff was necessary it was unquestionably the duty of the company to give it. It can not be relieved from responsibility for the failure to perform that duty even though it had directed its employees to give warnings and safeguard the plaintiff while at work.

"Such a duty is nondelegable, and the employer is liable for the results of neglecting it, irrespective of any question of fellow service." (*Seward v. Cold Storage Co.,* 89 Kan. 344, 346, 131 Pac. 568.)

The positive duty owed to plaintiff was to use reasonable care to furnish him a safe place to work, safe appliances with which to do his work, careful and competent employees with whom to work, and to give warnings and furnish all reasonable precautions necessary to his safety while he was in the place of danger, and if warnings were necessary to his protection the company was liable for failure to give them even if competent employees had been provided by the company for that purpose. It is easy to see that the duty devolved upon the company differed in kind from that resting on the engineer who started and stopped the engine upon signals given by others and who is not responsible for furnishing a safe place for the plaintiff to work, and a finding that he was not negligent does not exonerate the company for its failure to perform the duty imposed on it as master.

The judgment is affirmed.