No. 15,858.

BIER *v.* THE JEFFERSONVILLE,MADISON AND INDIANAPOLIS
RAILROAD COMPANY.

MASTER AND SERVANT.—*Liability of Employer for Injury of Employee by Co-Employee.*—Where laborers are engaged together at the same place in a work that requires co-operation, and for the furtherance of a common purpose, and so associated as to bring them in frequent contact with each other, they are co-laborers, and the employer can not be held liable for an injury to one employee by the negligence of a co-employee.

PLEADING.——*Action for Damages.—Contributory Negligence.*—In an action for damages the complaint must allege that the plaintiff is without fault, or an equivalent averment, or the complaint will be fatally defective.

From the Jackson Circuit Court.

*R. M. Patrick* and *B. E. Long,* for appellant.

*S. Stansifer,* for appellee.

MCBRIDE, J.—The appellant was a stone mason, employed by the appellee. While assisting in the construction of a bridge for the appellee he was hurt.

This suit was to recover damages for the injury thus sustained. The only questions we deem it necessary to consider are such as arise on the action of the circuit court in sustaining a demurrer to each paragraph of the complaint, on the ground that facts sufficient to constitute a cause of action were not stated. A preliminary question of practice is urged by the appellee which we do not consider, in view of the conclusion reached as to the sufficiency of the complaint.

The averments of the first paragraph show that the injury was caused by the carelessness and negligence of some carpenters, employed by the appellee to assist in the construction of the same bridge. It is averred that while they were working with a derrick, on the bridge, at a point some thirty feet above the appellant, they carelessly and negligently knocked a heavy timber off the bridge which fell upon and injured him. The theory of this paragraph seems to be, that because the appellant was employed as a stone mason, while the negligent employees were employed as bridge carpenters, each being subject to the immediate supervision and control of a different foreman, although all were employed at the same place, and in the common task of constructing a bridge, they were not co-employees. That each being engaged in carrying on a different and distinct part of the work, they belonged to different and distinct departments, and the rule as to fellow servants has no application.

The facts pleaded are not sufficient to require us to investigate or pass upon the soundness of the theory argued by counsel, for the reason that even in courts which fully recognize the doctrine that servants employed in different departments of a great enterprise are not fellow-servants, the appellant and the negligent bridge carpenters would be held to have held that relation to each other. It clearly appears from the complaint that they were engaged together, at the same place, in a work that required co-operation, and such association as would bring them in frequent contact

with each other. *Chicago, etc., R. R. Co.* v. *O'Bryen,* 15 Ill. App. 134; *Chicago, etc., R. W. Co.* v. *Moranda,* 93 Ill. 302; *Chicago, etc., R. W. Co.* v. *Moranda,* 108 Ill. 576 (17 Am. & Eng. R. R. Cases, 564).

We consider it unnecessary to give any extended consideration to the question, for the reason that as the rule has long been declared in this State, it is clear that the parties were co-employees, and this paragraph contains no averments sufficient to show liability on the part of the appellee. *Gormley* v. *Ohio, etc., R. W. Co.,* 72 Ind. 31; *Brazil, etc., Coal Co.* v. *Cain,* 98 Ind. 282; *Indiana Car Co.* v. *Parker,* 100 Ind. 181, and many other cases.

The second paragraph may be disposed of with brief mention. Like the first, it is based on assumed negligence of the employer, the appellee. It, however, contains no averment that the appellant was himself without fault. Nor is there any equivalent averment. For this reason, if for no other, it must be held fatally defective.

The circuit court did not err in its rulings.

Judgment affirmed.

Filed May 24, 1892.