OLMSTEAD v. CITY OF RALEIGH.

(Filed April 29, 1902.)

1. PLEADINGS—*Reply—New Cause of Action—The Code, Sec. 248.*
    A reply can be made only to new matter brought out in the
    answer.

2. MASTER    AND    SERVANT—*Fellow-servant—Negligence—Personal Injuries.*
    A person employed by a city to do mason work and one to do
       carpenter work, engaged in their respective departments,
       are fellow-servants.

ACTION by A. E. Olmstead against the City of Raleigh,
heard by Judge *W. S. O'B. Robinson* and a jury, at February
Term, 1902, of the Superior Court of WAKE County. From
a judgment for the defendant, the plaintiff appealed.

*J. C. L. Harris,* and *Douglas & Simms,* for the plaintiff.
*W. L. Watson,* and *J. N. Holding,* for the defendant.

MONTGOMERY, J.   The defendant, the city of Raleigh,
purchased a tract of land near the city to be used for sanitary
purposes, and also for the site of a smallpox hospital.   To
further utilize the property, the defendant determined to
build a large barn upon it, in which its horses were to be
stabled and its crops, grown upon the same to feed its stock,
were to be stored; and, to superintend the farm, a man of the
name of Leighton was employed by the year.   The plaintiff
was employed through the sanitary officer of the defendant,
by the day, to superintend the building of the woodwork or
carpenter's work on the barn, and Leighton was instructed
by the same officer to do the rock-work—the underpinning.
The plaintiff raised the barn, using temporary braces nailed
at one end to the upright pieces, and at the other end to the
foundation sills, the end of the braces projecting a little over

the sills.    Leighton, described as a rock mason in the com-
plaint, while engaged in doing the underpinning, knocked
off these temporary braces from the sills, thereby causing the
building to collapse, and in its fall the plaintiff was injured.

This action was brought to recover damages for the injuries
sustained, and in the complaint the negligent and careless
knocking off of the temporary braces was alleged to be the
direct and immediate cause of the fall of the building, and the
proximate cause of the injury to the plaintiff.

In the answer, the defendant averred that these braces were
in the way of Leighton, and were knocked off by him and the
carpenters in the proper discharge of their duty.

The plaintiff replied and added another cause of action, in
which it was declared that Leighton was incompetent to do
his work.    But that cause of action could not be engrafted on
the case by the reply, for the reason that the answer contained
nothing about the competency of Leighton as a rock mason.
A reply can only be made to new matter brought out in the
answer.    Code, Sec. 248.    If the reply could be made to add
a new cause of action, it would not help the plaintiff, as he
introduced no evidence that the defendant knew of his in-
competency.    *Hagins v. Railroad,* 106 N. C., 538 ; *Boyette v.
Vaughan,* 85 N. C., 363.    So the case is before us on the
cause of action set out in the complaint.    Upon the evidence
of the plaintiff, the action was dismissed and judgment en-
tered as of nonsuit.

The defendant's counsel, in their brief, argued that the
judgment should be sustained, first, on the ground that the
plaintiff contributed to his own injury by his negligence;
second, that the defendant can not be held liable for any negli-
gence on the part of the officers of its Health Department;
and third, that the plaintiff and Leighton were fellow-servants
of the defendant.    In the evidence we saw nothing going to
show contributory negligence on the part of the plaintiff.
The work in which the plaintiff was engaged was work purely

for the benefit of the city in its municipal and business interest. The contract with the sanitary arrangements of the city was only incidental to that department, as it was not concerning the public health, but concerning the protection of the city's property and the storage of the produce of the farm.

But we think the plaintiff and Leighton were fellow-servants of the city. The different department limitations is not recognized in this State. In *Kirk v. Railroad,* 94 N. C., 625, 55 Am. Rep., 621, the Court adopted the recognized rule in England and generally prevailing in this country, "that the term 'fellow-servant' includes all who serve the same master, work under the same control, derive authority and compensation from the same source, and are engaged in the same general business, though it may be in different grades and departments of it." In that case, the plaintiff was a carpenter sent out by the defendant to inspect cars and report upon their condition for immediate use. An assistant yardmaster gave a premature order to the engineer, who thereupon moved his engine and caused the car under which the plaintiff was inspecting to crush his arm—no notice having been given him of what was about to be done, and he not seeing or hearing of the approach of the engine until the impact took place. In *Keith v. Iron and Coal Co.,* 81 Ga., 49, 12 Am. St. Rep., 296, a carpenter was killed by the fall of masonry which was defective, the two workmen being co-employees of the defendant and co-operating in their respective departments of labor for the erection and completion of a magazine for the storage of defendant's ammunition for use in blasting, were held to be fellow-servants; and in *Dier v. Railroad,* 132 Ind., 78, the same doctrine was held—the two co-laborers being one a carpenter and the other a stone-mason, who were engaged in their respective departments in the building of a bridge.

No Error.