## PATRICK J. DONNELLY v. CUDAHY PACKING COMPANY.

### No. 13,493.   ( 75 Pac. 1017.)

#### SYLLABUS BY THE COURT.

MASTER AND SERVANT — *Personal Injuries — Fellow Servants.* Whenever coemployees under the control of one master are engaged in the discharge of duties directed to one common end, such duties being so closely related that each employee must know he is exposed to the risk of being injured by the negligence of another, they are fellow servants, and each assumes the risk to which he has thus exposed himself.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge.   Opinion filed March 12, 1904.   Affirmed.

*Bird & Pope*, and *T. J. Madden*, for plaintiff in error.

*Warner, Dean, McLeod & Holden*, and *Miller, Buchan & Morris*, for defendant in error.

The opinion of the court was delivered by

GREENE, J. : The plaintiff brought his action to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant. The plaintiff was what is commonly known as a meat-trucker in the packing-house of defendant at Kansas City, Kan. It was his duty to remove meat from the different floors of the building to other floors. This was done by means of a truck, which was wheeled into an elevator and carried either up or down, as desired. On the day plaintiff sustained his injuries the elevator was in charge of a meat-trucker, and while plaintiff was being carried on the elevator it dropped, causing the injuries of which he complains.

The substantial allegations of negligence were as follows : That by reason of the fact that said elevator had been carelessly and negligently abandoned by the regular operator in charge thereof, and was in charge of an inefficient and incompetent workman, who did not know how to operate the same, but let it fall with plaintiff, and of whose incompetency the defendant knew or by the exercise of reasonable care should have known, or by reason of the defective condition of said elevator, in that the same was not provided with suitable or proper safety appliances to prevent the same from falling to the bottom, as was known or should have been known to the defendant, such elevator was suddenly precipitated to the bottom of such elevator-shaft while plaintiff was in the same and by reason whereof he was injured. Defendant's answer was a general denial and an allegation of contributory negligence.

When the plaintiff had rested his cause the court

Donnelly v. Packing Co.

sustained a demurrer to the evidence and rendered judgment for costs in favor of defendant. To this order and judgment, and the overruling of a motion for a new trial, the plaintiff excepted, and now prosecutes error.

The evidence failed to prove that the elevator was not properly constructed, that it was in a defective condition or wanting in any of the appliances necessary properly to control it.

At the time plaintiff received his injuries Patrick Rady, a meat-trucker, was running the elevator, and according to his own testimony he did not understand how to operate it with safety. He testified in substance that all the experience or knowledge he had was derived from operating the elevator from ten to fifteen minutes a day for two or three weeks previous, and what Elbert, the regular elevator man, had taught him; that he had not been taught the use of a reverse lever which, when properly used, would prevent the elevator from going too fast.

On the occasion of plaintiff's injuries Elbert had called Rady to run the elevator while he went on the top to oil its bearings. While the elevator was going down it became unmanageable and dropped several feet, inflicting injuries to plaintiff, which injuries appear to have been occasioned by the negligence of Elbert in turning the elevator over to an incompetent person. The controlling question in this case is, Were the plaintiff and Elbert fellow servants? If they were, in the absence of any evidence that the defendant had not exercised reasonable care in the employment of a suitable and competent person to run the elevator, he cannot recover.

Whether two or more persons employed by the same master are fellow servants is not a question of

law exclusively, nor is it entirely a question of fact. When the facts are undisputed, or are fairly proved, it becomes a question of law. In the present case, for the purpose of deciding this question, the facts which the evidence fairly tends to establish will be accepted as proved. Therefore, whether the plaintiff and the other employee metioned were fellow servants is a question of law exclusively. The facts proved that the defendant was a meat-packer, operating in a building seven stories high. Rady and plaintiff were meat-truckers. It was their duty to load trucks with meat and wheel them to this elevator which carried them to the floor desired. Plaintiff knew the elevator was used expressly for this purpose. It was his custom to load a truck with meat, wheel it to the elevator, call to the operator, and direct him to the floor upon which he desired to deposit the meat. The plaintiff knew the elevator was operated by an employee of defendant, and that if such employee was guilty of negligence in operating the elevator while he was in it such negligence might result in injury to him. From the authorities the following rule may be deduced : Whenever coemployees, under the control of one master, are engaged in the discharge of duties directed to one common end, such duties being so closely related that each employee must know he is exposed to the risk of being injured by the negligence of another, they are fellow servants, and each assumes the risk to which he is thus exposed. (*Northern Pacific Railroad v. Hambly*, 154 U. S. 349, 14 Sup. Ct. 983, 38 L. Ed. 1009 ; *Naylor v. New York Cent. & H. R. R. Co.*, 33 Fed. [C. C.] 801 ; *Bier v. The Jeffersonville, Madison and Indianapolis Railroad Company*, 132 Ind. 78, 31 N. E. 471 ; *Railway Company v. Triplett*, 54 Ark. 289, 15 S. W. 831, 16 S. W. 266, 11 L. R. A. 773 ; *Baird v. Pettit*, 70 Pa. St. 477 ; *Quincy Mining Co. v. Kitts*, 42

Mich. 34, 3 N. W. 240; *Fifield v. Northern Railroad*, 42 N. H. 225; *McAndrews v. Burns*, 39 N. J. L. 117; *Ewan v. Lippincott*, 47 id. 192, 54 Am. Rep. 148; *Valtez v. O. & M. Ry. Co.*, 85 Ill. 500; *C. & A. R. R. Co. v. Murphy*, 53 id. 336, 5 Am. Rep. 48.)

Plaintiff and the operator of the elevator were engaged in one common pursuit, that of curing and packing meat. Each worked in a different line of employment but was engaged in the same general business and so closely related that the negligence of one was liable to inflict injury to the other. Therefore, he must be held to have assumed the risk of the negligence of his coemployee who ran the elevator.

It is contended that at common law it is the duty of an employer to secure suitable and competent servants; that the defendant was guilty of actionable negligence in permitting Rady, an incompetent person, to run the elevator. The evidence does not support this contention. There is no evidence tending to show that defendant put Rady in charge of the elevator or knew that he was running it or that he was incompetent. The defendant employed Elbert to run the elevator, and it is not denied that he was fully competent to perform that duty. It was the negligence of Elbert in permitting Rady, an incompetent person, to undertake to run the elevator that resulted in injury to plaintiff. If Elbert had been acting as vice-principal when he turned the elevator over to Rady, under the evidence showing Rady's incompetency, the defendant might be held liable. There is no contention of this kind.

For the reasons here suggested the demurrer was properly sustained. The judgment of the court below is affirmed.

All the Justices concurring.