HOWARD ILIFF, *Appellee*, v. THE CUDAHY PACKING
COMPANY, *Appellant.*

No. 16,754.

SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Negligence of Fellow Servant—Nondele-
gable Duty of the Master.* A laborer who as a part of his
regular duties was ordered to keep the elevator pit in a
packing house clean of refuse was directed to notify the
elevator operator whenever he entered the pit to do this work,
and was told that the operator would warn him of the descent
of the elevator. This was regularly done for some time, after
which, when the laborer again entered the pit and notified the
operator accordingly, the latter neglected to give the warning,
in consequence of which neglect the elevator descended upon
the laborer and injured him. It is *held*, (1) that the ordinary
rule relieving a master from liability to a servant for in-
juries caused by the negligence of a fellow servant does not
apply; (2) the master was not relieved from the consequences
of neglect to make the place of service reasonably safe by
delegating the duty of giving the necessary warning to the
operator, who failed to give it.

Appeal from Sedgwick district court. Opinion filed
December 10, 1910. Affirmed.

*William Warner, O. H. Dean, W. D. McLeod, H. C.
Timmonds,* and *H. M. Langworthy,* for the appellant.

*John W. Adams,* and *George W. Adams,* for the ap-
pellee.

The opinion of the court was delivered by

BENSON, J.: This is an action to recover damages
for personal injuries. The plaintiff, Iliff, was employed
as a janitor in the packing house of the defendant com-
pany. His duties were to keep the floors clean and to
clear out the refuse from the elevator pit. He was di-
rected to notify the elevator operator whenever he
entered the pit for the purpose of cleaning it, and was
told that the operator would warn him when the ele-

vator was about to come down. The plaintiff performed this duty for two months or more before he was injured, giving the notice and receiving the warning as indicated. At the time of the injury he had entered the elevator pit, after giving notice to the operator as usual, and was using a scraper and shovel in cleaning out the refuse and filth therein, when, without warning, the elevator descended upon him while thus at work, inflicting the injuries of which he complains. The operator had received the notice, but neglected to give the warning.

It was claimed by the defendant that the plaintiff was ordered to clean out the pit only when the elevator was locked at noon or after the close of the regular work of the day, but the general verdict for the plaintiff determines the issues in his favor, and evidence having been given to prove the facts as above stated, they must be taken as true.

Errors are assigned upon the order overruling the demurrer to the evidence and in the instructions given. In support of the demurrer it is contended that the plaintiff and the operator of the elevator were fellow servants, and as the injury was caused solely by the negligence of the operator the plaintiff can not recover, under the rule relating to fellow servants. On the other hand, the plaintiff insists that where the negligent act of one fellow servant which injures another violates a nondelegable duty which the master owes to the injured servant, the rule that a master is not liable to one servant for the negligence of a fellow servant has no application. In *Kelley v. Ryus,* 48 Kan. 120, it was said:

"It is the duty of an employer in all cases to furnish his employees with a reasonably safe place at which to work, and with reasonably safe instruments or tools with which to work; and if he delegates these duties to another, such other becomes a vice principal, for whose acts the principal is responsible." (Syllabus.)

It was said in *Crist v. Light Co.,* 72 Kan. 135:

"If the master sends a servant to work in a place of danger, however temporary, and the danger arises from acts or omissions of other servants against which the servant has no means of protecting himself, it is the duty of the master to provide such warnings or to take such other steps as may be reasonably necessary to safeguard the servant so employed; and if another servant of higher or lower degree is delegated by the master to attend to such safeguarding he is performing the functions of the master, and if guilty of negligence the master is responsible." (p. 139.)

The defendant concedes the rule but urges that while ordinarily a master can not delegate the performance of the personal duties which he owes to his employee so as to relieve himself from liability, yet this rule is subject to the exception that where the duty relates to a mere detail of the work it may be delegated to a fellow servant and the master be relieved from the negligence of the latter. It is urged that this claim is supported by the opinion in *Brick Co. v. Shanks,* 69 Kan. 306. But in that case it was held that shovelers in a mine were not required to watch for shale thrown down by the drillers, of which warning was required but was negligently omitted. It was said that "the shovelers were hired to work—not to dodge the drillers." (p. 310.) It was also said:

"But whenever a negligent act violates any duty which the master himself owes to the servant, as, for example, the duty to make the service and the place in which it is performed reasonably safe, that fact controls, irrespective of the rank or grade of service between employees, and notwithstanding the circumstance that they are engaged in a common employment directed to a common end; and if, in the discharge of the master's duty, a warning be necessary, it is not enough for him to say that he has provided a competent person to give it; the warning must be given." (p. 310.)

In *Brice-Nash v. Salt Co.,* 79 Kan. 110, where the

method of carrying on the work involved the occasional dislodgement of masses of salt with such force as to expose employees to danger, and it became necessary to give warning of such dislodgement, it was held that the giving of such warning was a nondelegable duty of the master and that its omission imposed liability for consequent injuries, regardless of the question of coservice.

It is argued that the danger to which the plaintiff was exposed was not permanent or constantly recurring, and that for this reason the rule requiring the company to make the place reasonably safe for the service does not apply. It will be observed from the quotation given that this view was not approved in this court in the Crist case. It was also said in that case, in immediate connection with the language quoted, that the rule "has no iron-bound limitations as to whether the place be a permanent or a temporary one." (72 Kan. 135, 139. Authorities on this and other closely related subjects are collated in a note in 26 L. R. A., n. s., 624-651.)

The assurance given to the plaintiff that he would be warned when the elevator was about to descend implied that he was expected to continue at his work until the warning was given. It was therefore not only his right but his duty to give attention to that work. While doing this he was injured, without his fault, through the failure of the company to give the warning it had undertaken to give. These facts afforded a cause of action.

It is also contended that the plaintiff should be held guilty of contributory negligence, because his work in the elevator pit was so instrinsically and plainly dangerous that he ought not to have undertaken it at all while the elevator was in use. The service, however, must be regarded in the light of the provisions for safety promised by the company—that is, upon the supposition that the warning would be given. When so

considered, it can not be said as a matter of law that the work was so glaringly dangerous that none but a reckless person would have undertaken it. The question of contributory negligence was for the jury.

The instructions complained of are in harmony with the interpretation of law as given in this opinion, and are not deemed erroneous.

Finally, it is urged that the verdict, which was for $2000, is so excessive as to show passion and prejudice on the part of the jury. After reading the evidence it is found sufficient to warrant the award.

The judgment is affirmed.