GEORGE HARPER, *Appellee*, v. THE IOLA PORTLAND CEMENT COMPANY, *Appellant*.

No. 16,776.

1. MASTER AND SERVANT—*Injury to Employee—Duty of the Master*. In an action for damages by an employee who was injured by the explosion of dynamite that had been placed in a drilled hole in a stone quarry the plaintiff was not required to prove who drilled and loaded the hole or that anyone in authority for the defendant knew of the existence of the loaded and unexploded hole.

2. —— *Same*. A master's duty requires him to make and carry out regulations to render the work of his employees reasonably safe.

3. —— *Negligence of Fellow Servant—Duty of the Master*. The fellow-servant rule has no application when the negligent employee is charged with a duty which the master is bound to fulfill.

4. —— *Assumption of Risk*. An employee does not assume the risk of dangers against which the master is under a duty to protect him.

Appeal from Allen district court. Opinion filed January 7, 1911. Affirmed.

*Baxter D. McClain*, for the appellant.
*R. H. Bennett*, for the appellee.

Harper v. Cement Co.

*Per Curiam:*  A careful examination of the evidence adduced at the second trial convinces the court that the views expressed upon the former appeal (76 Kan. 612) are applicable and controlling.  The distinctions which counsel suggest need not be stated and discussed at length.   It is enough to say that they are not securely founded.

The special questions stricken out constituted a cross-examination of the jury.  Those which were not answered to the satisfaction of the defendant are not material to the main, vital issues in the case, except the thirty-fourth, which is fairly answered.  The remaining findings are not inconsistent with each other or with the general verdict.  It makes no difference that the plaintiff failed to prove just who drilled and loaded the hole in question and failed to show that the foreman or anyone in authority for the defendant knew of the existence of the loaded and unexploded hole.  The defendant should have worked the quarry under a system which would have disclosed it and would have protected the plaintiff from injury through its agency.  The answer that the hole in question was as plainly discernible to the plaintiff as to anyone referred to the time he was injured, does not indicate that he ought to have "discerned" it, and does not relieve the defendant from its previous duty to note the failure to explode and then either mark the hole or explode it for the plaintiff's protection.

The defendant has no right to have jurors called in a certain order, and an unimpeachable jury was provided to try the case.

The judgment of the district court is affirmed.