No. 29,244.

SCHOOL DISTRICT No. 19, OF SHERIDAN COUNTY, *Appellant*, v. SHERI-
DAN COMMUNITY HIGH SCHOOL, OF SHERIDAN COUNTY, and the
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHERIDAN,
*Appellees.*

(288 Pac. 733.)

Opinion denying
a rehearing filed June 7, 1930. (For original opinion of reversal see *ante,*
p. 421, 286 Pac. 230.)

*W. L. Sayers,* of Hill City, for the appellant.

*C. L. Thompson,* of Hoxie, for the appellees.

The opinion of the court was delivered by

JOCHEMS, J.: The appellees have filed a motion for rehearing
and make an objection to the previous decision of the court which
we feel is of sufficient importance to call for additional comment.

The appellees contend that this court has assumed jurisdiction to
find the facts and has found facts upon which it bases a judgment,
upon the unverified petition of plaintiff, and has directed the dis-
trict court to enter judgment accordingly, and that this is an er-
roneous assumption of authority in that it deprives the district
court of any opportunity to find the facts in the litigation. The
appellees also urge that the court should have gone no further than
to remand the cause, with instructions to the district court to over-
rule the demurrer and proceed to hear the evidence and find the
facts.

This was an action seeking a declaratory judgment. As the record
came before the supreme court it appeared here upon the petition
of the plaintiff and the demurrer thereto on the part of the defend-
ants. On a demurrer, the petition is entitled to a liberal construc-
tion and the allegations of fact therein contained are taken as true.
In addition to that the appellant made a rather comprehensive
statement of facts in its brief and the appellees did likewise. The
concluding paragraph of the appellees' statement of facts, appear-
ing in their brief, reads as follows:

"All of the matters involved in the statements of the petition and in the
above, and in the statement of the case by appellant in its brief, were argued
to the court, and while the case really stood on a demurrer, in passing upon

the matter the court took into consideration the admissions of fact of the parties as well as the statements of fact in the petition."

Relying upon this statement, and taking it to be an admission that the facts as set forth in the petition and in the respective statements of fact appearing in the briefs of the parties were true, this court proceeded to glean therefrom the facts set forth in the original opinion. Inasmuch as this was an action for a declaratory judgment this court desired to be of assistance in the matter as far as it consistently could upon the issues raised. It was therefore deemed advisable by the court to take the statements of fact appearing in the petition, as admitted by the demurrer, and the admissions in the briefs, and apply the law to those facts. Ordinarily the procedure would have been to reverse and remand the case to the district court with instructions to overrule the demurrer and proceed to find the facts, but inasmuch as these facts appeared to be admitted and there was no controversy concerning the facts, this court felt that additional litigation might be avoided by a simple statement of the law as applied to the admitted facts.

A declaratory judgment can only be rendered upon facts found by the court or admitted by the parties, but the record in this case did not show any disagreement between the parties as to the facts. Upon facts admitted the court can declare the law, and this the court did in the original opinion. If the facts as taken from the record in this appeal are not the facts as they actually exist, then, of course, the judgment rendered by this court would not apply to the real facts and could have binding force only in so far as the facts are correctly stated in the opinion. The appellees in their petition for rehearing do not point out any material differences in the facts as they actually exist as compared with the facts stated in the opinion.

The appellees further complain that this court did not indicate clearly whether or not the county commissioners could make an order under section 4 of chapter 471 of the Laws of 1903, rescinding the previous order establishing county high schools. It was pointed out in the original opinion that the legislature by the act of 1923 (R. S. 72-2501 to 72-2506, inclusive) disorganized the county high schools and converted them into community high schools. Inasmuch as the legislature by this act disorganized the county high school previously existing, the county commissioners of Sheridan

county no longer have any authority to rescind the order previously establishing the county high schools. Any action on their part attempting to rescind the previous order would be a nullity.

Appellees in their petition for rehearing state:

"It would have been helpful if the court, since it has decided one feature of the matter, had indicated its views as to the obligation of the community school district to continue the school if rooms are not provided."

This court pointed out in its opinion that since the county high school had been abolished by the legislature and there was no present agreement between the community high-school district and the plaintiff district relative to the use of the rooms, that the plaintiff is free from any obligation to furnish rooms for the community high school. Now, this court is not in a position to make a contract between the parties. Each district has its board of directors or trustees. In the dilemma in which they now find themselves they should certainly be able to find a businesslike way in which to handle the situation. With reference to whether or not the community high-school district wants to continue the community high school, this court is without any power to make a suggestion. That is purely a local matter and is up to the people of the district.

While we do not wish to prejudge the law nor to make any suggestion as to what the parties should do, we have read with some interest chapter 233 of the Laws of 1925. This act may be of some assistance to the parties as it relates to enabling community high schools to provide suitable quarters in which to maintain the high school.

This court feels that it can do no more to be helpful in the present situation, and the original opinion as modified by the statements herein will stand.

A rehearing is denied.