GEORGE W. EDWARDS v. BERNICE E. TURNER AND HUSBAND, EDWIN D. TURNER, LINVILLE K. MARTIN AND I. E. CARLYLE, TRUSTEE.

(Filed 20 April, 1932.)

**Pleadings E a—Amendment in this case held not to substantially change the cause alleged and pleadings were not inconsistent.**

Where the purchaser of lands under a foreclosure sale of a mortgage brings ejectment against the mortgagors in possession who deny the validity of the mortgage under which the lands were sold, it is within the discretion of the trial court to permit the plaintiff to amend his complaint to allege that the defendants had given other mortgages on the same land and ask that if the mortgage under which he claims be declared void that he be subrogated to the liens of the prior mortgages and that the lands be sold to enforce the same, there being no substantial departure by the amendment from the cause originally alleged, and the pleadings not being inconsistent. C. S., 547, 507.

APPEAL from *Harding, J.*, at February Term, 1932, of FORSYTH. Affirmed.

This was a civil action in ejectment, instituted in the Forsyth County Court, before his Honor, Oscar O. Efird, judge presiding. From an

order signed by the judge of the Forsyth County Court overruling a
motion, plea and a demurrer filed by the appellant, Bernice E. Turner,
to the amended complaint, as appears of record, Bernice E. Turner
appealed to the Superior Court for Forsyth County. The appeal was
heard before his Honor, W. F. Harding, judge presiding at the Febru-
ary Term, 1932, who signed a judgment sustaining the judgment of the
Forsyth County Court, as appears of record. Bernice E. Turner ex-
cepted to the judgment of the Superior Court, assigned error and ap-
pealed to the Supreme Court.

*Parrish & Deal for plaintiff.*
*Peyton B. Abbott and Hastings & Booe for defendants.*

CLARKSON, J. The plaintiff sued defendant Bernice E. Turner in
ejectment. In answer she alleged that the note secured by deed in trust
under which the land in controversy was sold and at which sale plaintiff
purchased was a forgery; therefore the sale under same was inoperative
and void. The plaintiff was allowed to amend and filed an amended
complaint. *Robinson v. Willoughby,* 67 N. C., 84. In the amended
complaint the plaintiff has not alleged two causes of action, but has
only asked for alternative relief. The plaintiff's pleadings are not in-
consistent. He alleges that the last deed of trust which was foreclosed
was valid. The defendant denies this. The plaintiff then alleges that
the three previous deeds of trust were valid. That is not in fact in-
consistent with his first allegation. In other words, the plaintiff alleges
that all four deeds of trust are valid. The defendant contends that none
of them are. The plaintiff asks for alternative relief, depending on
how the facts may be found.

The defendant, Bernice E. Turner, contends that the amended com-
plaint is a departure. We cannot so hold.

C. S., 547, is as follows: "The judge or court may, before and after
judgment, in furtherance of justice, and on such terms as may be
proper, amend any pleading, process or proceeding, by adding or strik-
ing out the name of any party; by correcting a mistake in the name of a
party, or a mistake in any other respect; by inserting other allegations
material to the case; or when the amendment does not change substan-
tially the claim or defense, by conforming the pleading or proceeding
to the fact proved. When a proceeding taken by a party fails to conform
to law in any respect, the trial judge may permit an amendment of the
proceeding so as to make it conformable thereto."

In McIntosh, N. C. Prac. & Proc., part sec. 479, at pp. 510-11, is the
following: "The plaintiff cannot in his reply set up a cause of action

different from that contained in his complaint. Such pleading is a departure, and is governed by the provision that the reply must not be inconsistent with the complaint."

McIntosh, *supra,* part sec. 487, at p. 516, says: "The statute permits an amendment in the discretion of the court, 'when the amendment does not change substantially the claim or defense.' This is found in connection with the amendment to make the pleading conform to the proof, but it has been applied generally to all amendments made under order of court. The pleadings of the parties fix the nature of the action, and it is not subject to arbitrary control, and the court has no authority to allow an amendment which makes a substantially new action, except by consent of the parties. 'This would not be to amend, in any proper sense, but to substitute a new action by order, for and in place of the pending one.' This is in the nature of departure in pleading, and it may arise by introducing new allegations, which change the nature of the action or new parties which have the same effect." (Quoting from *Clendenin v. Turner,* 96 N. C., 416, and citing other cases.) *Olmstead v. Raleigh,* 130 N. C., 243; *Parker v. Realty Co.,* 195 N. C., 644; *Gibbs v. Mills,* 198 N. C., 417; *Jones v. Vanstory,* 200 N. C., 582; *Lykes v. Grove,* 201 N. C., 254.

C. S., 507, in part, is as follows: "The plaintiff may unite in the same complaint several causes of action, of legal or equitable nature, or both, where they all arise out of (1) The same transaction, or transaction connected with the same subject of action," etc. *Shafer v. Bank,* 201 N. C., at p. 419.

The causes of action which plaintiffs rely on arise out of or are connected with the same subject of action—bottomed on the same indebtedness.

In *Wallace v. Benner,* 200 N. C., at p. 131, we find: "We think the principle applicable in this case is clearly set forth in Jones on Mortgages (8 ed., 1928), part sec. 1114, pp. 559-560: 'There is clearly no scope for the operation of the principle of equitable subrogation in a case of ordinary borrowing, where there is no fraud or misrepresentation, and the borrower creates in favor of the lender a new and valid security, although the funds are used in order to discharge a prior encumbrance. In such case, the lender is treated as a mere volunteer in the transaction. But the rule is settled that, where money is expressly advanced in order to extinguish a prior encumbrance, and is used for this purpose, with the just expectation on the part of the lender of obtaining a valid security, or where its payment is secured by a mortgage which for any reason is adjudged to be defective, the lender or mortgagee may be subrogated to the rights of the prior encumbrancer

whose claim he has satisfied, there being no intervening equity to prevent. It is of the essence of this doctrine that equity does not allow the encumbrance to become satisfied as to the advancer of the money for such purposes, but as to him keeps it alive, and as though it had been assigned to him as security for the money," etc.

In the amended complaint is the following prayer for judgment: "(1) That the defendants, Bernice E. Turner and her husband, Edwin D. Turner, be removed from the possession of the lands, and that the plaintiff be placed in possession thereof; that the costs of this action to be taxed against the defendants, Bernice E. Turner and Edwin D. Turner. (2) That if it be adjudged by the court that the note and deed of trust, of 23 April, 1929, are forgeries as to the defendant, Bernice E. Turner, the court adjudge that the plaintiff is subrogated to the rights that Linville K. Martin would have had under any and all of the three previous deeds of trust, and that the court decree that the plaintiff is entitled to a lien on said lands to secure him in the sum of $2,640, with interest thereon from 23 April, 1929, and that the court appoint a commissioner for the purpose of foreclosing same, and that the net amount resulting from said foreclosure be applied to the indebtedness of Bernice E. Turner, Edwin D. Turner and Linville K. Martin to the plaintiff in the sum of $2,640, with interest from 23 April, 1929. (3) That the court grant the plaintiff such other and further relief as may be just and proper." For the reasons given, the judgment of the court below is

Affirmed.