INVESTMENT SECURITIES COMPANY v. GEORGE A. GASH AND
NANNIE L. GASH.

(Filed 29 June, 1932.)

**1. Subrogation A b—Lender of money used to pay off prior valid mortgage
held entitled to subrogation upon invalidity of second mortgage.**

Where money is borrowed and used for the purpose of paying off a
prior mortgage on lands, and the money so borrowed is secured by a mort-
gage on the same lands which is executed and registered on the same
day that the first mortgage is paid, and the lender holds the first mort-
gage as additional security, and the second mortgage is invalid because
of defective acknowledgment: *Held*, the second mortgage is considered as
merely an assignment of the first, valid mortgage, or the first mortgage
itself in a different form, and the lender of the money so used is entitled
upon default to foreclose under an equitable lien based on the valid
first mortgage, and is entitled to have the cancellation of the first mort-
gage stricken from the records.

**2. Pleadings E a—In this case trustee could be made a party by amend-
ment.**

Where money is borrowed to pay off a prior mortgage and the lender
takes another mortgage to secure the money so borrowed which is later
declared invalid for improper acknowledgment, and the lender brings
action to foreclose under the first mortgage under the doctrine of equi-
table subrogation: *Held*, the trustee can be made a party by amendment
if it should be necessary. C. S., 547.

APPEAL by plaintiff from *Sink, J.,* at March Term, 1932, of BUN-
COMBE. Reversed.

This is an action for the possession of certain property brought by
plaintiff against the defendant before Weaver, J., in the General County
Court of Buncombe County.

The judgment of that court is as follows:

"This cause coming on to be heard and being heard at the regular
October Term, 1931, of the General County Court of Buncombe County,
N. C., before his Honor, Guy Weaver, judge presiding, and a jury duly
empaneled, and the jury having answered the issues as appear of record,
and as follows:

'(1) Was the acknowledgment and privy examination of Nannie L.
Gash, on the deed of trust, dated 12 June, 1925, to George H. Wright,
trustee for Ruffner Campbell, attorney, taken according to law? Answer:
No.

(2) Did Ruffner Campbell, attorney, pay off or cause to be paid off
the indebtedness due under the Baumgardner deed of trust, as alleged
in the reply? Answer: Yes.'

And from the finding of the jury under the second issue, and upon the admissions in the pleadings, the court being of the opinion that the plaintiff is rightly in possession of and the holder of the first deed of trust executed by the defendants on 27 September, 1921, to James J. Britt, trustee, said deed of trust being called the Baumgardner deed of trust, and that said plaintiff in equity and substance is subrogated to all of the rights of the original beneficiary named therein, and that said plaintiff is entitled to the foreclosure of the property set out in the complaint under said deed of trust;

And the court being further of the opinion that under the finding of the jury and the admissions of record that the plaintiff is entitled to have stricken from the records of the register of deeds and purported cancellation of said deed of trust;

And the court being further of the opinion that the plaintiff under the law, admissions and evidence, is entitled to have a receiver appointed pending the foreclosure hereafter decreed.

Now therefore, it is hereby ordered and adjudged:

(1) That A. C. Avery be, and he hereby is, appointed commissioner to foreclose the property described in the complaint under the deed of trust, dated 27 September, 1921, from George A. Gash and Nannie L. Gash, to James J. Britt, trustee, securing a note to Hattie L. Baumgardner in the amount of twenty-five hundred dollars ($2,500).

(2) That the said A. C. Avery be, and he hereby is, authorized and directed to proceed to sell the same to the highest bidder for cash, after first advertising the property once a week for four successive weeks, and as otherwise provided by law.

It is further ordered and adjudged, that J. Frazier Glenn, Sr., be, and he is hereby appointed receiver, to take charge of the property pending the foreclosure and sale above decreed, and the defendants, George A. Gash and Nannie L. Gash, are ordered to deliver immediate possession to the said receiver, and the said George A. Gash and Nannie L. Gash, and all other parties, are hereby enjoined from interfering with the possession of said receiver.

It is further ordered and adjudged, that the commissioner, A. C. Avery, immediately, upon the sale of the property, report the same to this court and file herein with the clerk a copy of said report, which shall be notice to all the parties that a hearing for confirmation of said sale be held ten days thereafter.

It is further ordered and adjudged, that George A. Diggs, register of deeds for Buncombe County, North Carolina, be and he hereby is authorized and directed to strike from the records by running a line

therethrough, and marking void, the purported cancellation of the deed of trust from George A. Gash and wife, Nannie L. Gash, to James J. Britt, trustee for Hattie L. Baumgardner, as entered in the records of the register of deeds in Book No. 142, page 127, entered by James J. Britt, trustee, by O. K. Bennett, agent and attorney in fact.

This the 14th day of October, 1931.

GUY WEAVER, *Judge Presiding.*"

The defendants made numerous exceptions and assignments of error and appealed to the Superior Court. The Superior Court sustained the exceptions and assignments of error and rendered the following judgment: "It is therefore considered, ordered and adjudged that the judgment of the General County Court be and the same is hereby reversed." The plaintiff made numerous exceptions and assignments of error and appealed to the Supreme Court.

*J. Frazier Glenn, Jr., and Braxton Miller for plaintiff.*

*O. K. Bennett for defendants.*

CLARKSON, J. This was an action in ejectment instituted by the plaintiff appellant against the defendants, and tried in the General County Court of Buncombe County, N. C., at October Term, 1931. The description of the property is not in question. The plaintiff claimed title under a trustee's deed, dated 6 January, 1931, from George H. Wright, trustee, which was had under the foreclosure of a deed of trust dated 12 January, 1925, executed by the defendants to George H. Wright, trustee, securing to Ruffner Campbell, attorney, one note in the amount of $3,500 due two years after date.

The defense relied on in the answer was that the private acknowledgment of the defendant, Nannie L. Gash, wife of the defendant George A. Gash, in the deed of trust, was taken, if at all, over the telephone and was invalid. Plaintiff replied, denying and demanding strict proof that the private examination of the defendant, Nannie L. Gash, had not been taken, and setting up as a further defense to the matter alleged in the further answer, that, in substance, the proceeds secured under the Campbell deed of trust were procured and used for the purpose of paying off a prior deed of trust, dated 27 September, 1921, executed by the defendant appellees to James J. Britt, trustee, securing one promissory note in the amount of $2,500, payable to Hattie L. Baumgardner, or order, and due one year after date. That the proceeds from the Campbell deed of trust were used directly by Ruffner Campbell, attorney, at the request of the defendants to pay off the indebtedness under the Baumgardner deed of trust on the same day that the loan was made,

and that at the time the said Ruffner Campbell, attorney, took possession of the Baumgardner deed of trust and the note secured thereby endorsed in blank, plaintiff contends that he held same for the protection of the second mortgage, the Campbell deed of trust, and that in effect and in equity, the Campbell deed of trust was but a continuance of the old loan known as the Baumgardner deed of trust, and prayed for an equitable lien based on the Baumgardner deed of trust and foreclosure by a commissioner.

The question involved: Where the owner of land executes a new mortgage to a person who pays off, and holds as additional protection, a prior first mortgage, the transaction taking place on the same day, and the new mortgage being invalid by reason of an improper acknowledgment, which is perfect and valid on its face, in equity, is not the invalid second mortgage considered as merely an assignment of the old valid mortgage, or the old mortgage itself under a different form, so that a purchaser under the same would take good title, or, at least, be entitled to a right to foreclose under an equitable lien based on the valid first mortgage? We think so.

The principle involved in this cause is thus stated in 25 R. C. L., pp. 1338-9, as follows: "So it has been held that the execution by the owner of land of a new mortgage to persons who pay off prior mortgages upon their being released, such execution and release taking place on the same day, operates in equity as an assignment of the old mortgages in consideration of the money advanced by the second mortgagees, and is not the creation of a new encumbrance, but changing the form of the old. Therefore, if after the execution of the first mortgage, but before executing the second, the mortgagor married, and the second mortgage was not signed by his wife, neither he nor his grantor, after his wife's death, can claim and hold the property free of the second mortgage, on the ground that the property became homestead property on the mortgagor's marriage, and not subject to be encumbered by such second mortgage. The last mortgagees would be, in equity, assignees of the debts they paid, and be subrogated to the rights of their assignors; for in equity the substance of the transaction would be an assignment of the old mortgages in consideration of the money advanced." Tiffany on Real Property, p. 1248-9; *Hyman v. Devereux*, 63 N. C., 624, at p. 627; *Wilkes v. Miller*, 156 N. C., at p. 431; *Grantham v. Nunn*, 187 N. C., 394.

Ruffner Campbell testified, in part: "I have never received any payments on principal of the note executed by Mr. Gash to me in June or July, 1925; I did receive several interest payments. The deed of trust executed in June of 1925, to George Wright, trustee, securing this in-

debtedness to me, was delivered to me by Mr. Gash. I relied on Mr. Gash to see to and properly execute it, and of course, relied on the certificate of the notary public, an officer of the State of North Carolina. The notation on the back of plaintiff's 'Exhibit 2' being the Baumgardner deed of trust, is in my handwriting; I made that notation on or about the time the deed of trust was taken. (Mr. Miller.) We particularly offer in evidence the following words, for the purpose of corroboration only, written on the back of plaintiff's 'Exhibit 2,' being the Baumgardner deed of trust—'Held for protection.' I have delivered this note—Baumgardner note—and deed of trust to Investment Securities Company."

The power of attorney by James J. Britt to O. K. Bennett, trustee, long years after, 2 September, 1931, to cancel the deed of trust made to him as trustee for Harriett Baumgardner, dated 27 September, 1921, and the cancellation by O. K. Bennett is inoperative.

This principle contended for by plaintiff is settled in its favor by the case of *Edwards v. Turner,* 202 N. C., 628. On the evidence as a whole, the judgment of the county court is sustained. The question of making the trustee a party (*Alexander v. Bank,* 201 N. C., 449), under the facts and circumstances of this cause, can be now allowed by amendment if it be found necessary. C. S., 547. The judgment below is

Reversed.