No. 32,495

T. P. Burroughs, *Appellee,* v. S. S. Michel et al. (George Peters, *Appellant*).

(52 P. 2d 633)

Opinion filed December 7, 1935.

*C. H. Brooks, Willard Brooks, Howard T. Fleeson, Fred W. Aley, Paul R. Kitch, Carl G. Tebbe* and *Wayne Coulson,* all of Wichita, for the appellant.

*J. Roderick Mayall,* of Wichita, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This appeal is from an order overruling a demurrer to plaintiff's petition.

Omitting formal parts, the petition alleged that plaintiff, then a servant of and in the employ of defendant Peters, was riding in an automobile driven by defendant Michel acting as the agent and servant of defendant Peters, and over which automobile plaintiff had no management or control; that the automobile was struck by another automobile driven by defendant Abel, resulting in plaintiff receiving injuries. The petition contained the following paragraph:

"4. Plaintiff further alleges that at said time he was in the employ of the defendant George Peters and as such employee was at the time of said collision actively engaged in such employment, to wit: That he was being conveyed by S. S. Michel, who was the duly authorized agent and servant of the said George Peters, and in so conveying the plaintiff was acting for and on behalf of the said George Peters in conveying said plaintiff in said automobile from the place where he had been working for the said George Peters to wit: what is known as the East Central Dairy, to his home. That under the terms of said employment it was the duty of the said George Peters to convey this plaintiff to the said place of employment and to return him to his home and

that it was the duty of the said George Peters to furnish the plaintiff with a safe place to work and to use and provide means and methods as herein alleged, to render his conveyance at said time reasonably safe, all of which the said George Peters failed to do by reason of the facts herein alleged and was guilty of negligence in that behalf."

In view of the question presented, it is not necessary to mention in detail the allegations of alleged negligence. Defendant Peters demurred on the ground the petition did not state facts sufficient to constitute a cause of action. His demurrer was overruled, and he appeals.

Appellant's brief presents only one question: When a servant is injured in the course of his employment because of the negligence of a fellow servant, is the master liable to the injured servant? The above statement and appellant's argument are predicated on the assumption that plaintiff and defendant Michel were fellow servants. We must first determine whether that assumption is correct. Appellant relies on a quotation from 39 C. J. 537, some of the decisions which are hereafter mentioned, and the quotation from Restatement, Agency, § 486. They all pertain to situations where the facts warrant their application, but which do not solve the situation presented here. The appellee seeks to support the trial court's ruling with *Phillips v. Armour & Co.*, 108 Kan. 596, 196 Pac. 245, where the fellow-servant doctrine was not involved, the decision turning upon whether the transfer company transporting employees was an independent contractor. He also relies on *Hartman v. Orcutt*, 139 Kan. 785, 33 P. 2d 133, where the trial court's ruling on demurrers was reversed because it tested the sufficiency of evidence by our automobile guest statute (R. S. 1933 Supp. 8-122b), which was held inapplicable to the facts and the plaintiff's theory of his case.

While there have been many decisions of various courts defining who are fellow servants and their rights and liabilities *inter sese* (39 C. J. 550 *et seq.*), and many tests have been outlined, this court, in *Bridge Co. v. Miller*, 71 Kan. 13, 80 Pac. 18, in an exhaustive opinion by Burch, J., reviewed not only our former decisions, but other decisions and authorities, and held:

"All employees of the same master engaged in the same general business, whose efforts tend to promote the same general purpose and accomplish the same general end, are fellow servants.

"The assignment of servants of the same master to separate departments of the same general enterprise does not affect their relation as fellow servants

unless such departments be so far disconnected that each one may be regarded as a separate undertaking." (Syl. ¶¶ 1, 2.)

The rule, as stated in the above case, is as favorable to appellant's contention as this court has gone. (See *Stocks v. Bridge Co.*, 94 Kan. 604, 146 Pac. 1178; *Miller v. Armour & Co.*, 95 Kan. 690, 149 Pac. 682; *Nelson v. City of Salina*, 123 Kan. 522, 256 Pac. 123; *Carter v. Uhrich*, 125 Kan. 192, 264 Pac. 31; *Barnaby v. Sears, Roebuck & Co.*, 132 Kan. 447, 295 Pac. 715; and the cases therein cited.)

Tested by the standard as above stated, and construing the petition favorably to the plaintiff, as must be done (*Smith v. McCarthy*, 39 Kan. 308, 18 Pac. 204; *Upham v. Head*, 74 Kan. 17, 85 Pac. 1017; *School District v. Sheridan Community High School*, 130 Kan. 749, 288 Pac. 733), it appears that while there is an allegation that plaintiff was an employee of defendant Peters, and that he was being conveyed to his home by another employee of Peters, there is an utter lack of any allegation that both were engaged in the same general business or that their work was to promote the same general purpose and accomplish the same general end. There is no allegation whatever with respect to Michel's employment further than he was driving the car in which plaintiff was riding. From these allegations we are not warranted in assuming that the conditions and purposes of employment of plaintiff and defendant Michel were such as to constitute them fellow servants.

The order of the trial court was correct and it is affirmed.